Olcott
v.
Lilly.

Rule granted.

———◆———

Olcott *against* Lilly, who is impleaded with Doe.

KIRKLAND, for the defendant, moved for leave to enter an *exoneretur* on the bail-piece, on which the present suit was brought. The defendant, in his affidavit, stated, that after the plaintiff had obtained a judgment against the principal, he sued out a *fieri facias* against him returnable in *November* term last, on which the property of the principal was taken and sold, and the proceeds thereof applied towards the satisfaction of the judgment; that at the return of the *fieri facias*, the principal was sick, and in so low a state of health, that he could not be surrendered, without endangering his life; and that he remained languishing of his disease until the 19th of *July* last, when he died. On the 21st *July*, the *capias* on the recognisance, was sued out against the defendants, as bail, returnable at this term, and was served. The defendant also stated, that the principal had been, for four months, in a bad state of health, and unable to attend to any business, and that the *ca. sa.* against the principal was not issued until after the return of the *fieri facias;* that the principal was in the county of *Onondaga*, until his death, and might, at any time, have been taken, on a *ca. sa.*

From the affidavit, read on the part of the plaintiff, it appeared, that the *ca. sa.* was issued on the 10th *Fe-*

After the return of a *ca. sa.* against the principal, and the bail has become fixed, the court will not relieve the bail, where the principal is dead. They afford relief only to enable the bail to make a surrender, or where the principal is convicted of felony, sent abroad as an alien, or is discharged under the bankrupt, or insolvent laws, which is regarded as equivalent to a surrender.

Where a plaintiff has obtained a judgment, he may first issue a *fi. fa.* and if the whole of the debt is not levied on that execution, he may issue a *ca. sa.* or bring an action of debt on the judgment for the residue; and if a *non est inventus* is returned to such *ca. sa.* he may proceed against the bail.

*bruary*, returnable on the 17th *February* last, and had been four days in the hands of the sheriff, and was filed in the clerk's office on the 5th *May* last.

*Kirkland* contended, that the plaintiff, by electing to proceed, in the first instance, by a *fieri facias*, had discharged the bail. It was equivalent to a notice, that he intended to look to the principal, and not to the bail. (2 *Sellon*, 112. *Sheridan's K. B. Pr.* 368. 2 *Crompt.* 71, 3 *Burr.* 1360.)

The court, he said, will often interfere, and relieve the bail, where it becomes impossible to surrender the principal, as if he has been guilty of a felony and sent to the state prison. For a similar reason, in the present case, the bail ought to be relieved. He cited 2 *Johns. Rep.* 104. 6 *Term Rep.* 247. 2 *Sellon,* 126. *Coleman's Cases,* 65. 109. 1 *Caines,* 9.

*Gold,* contra, insisted, that the court had, in no instance, relieved bail, on account of the death of the principal. The indulgence, sometimes granted under special circumstances, was merely to enable the bail to surrender the principal, after the usual time had elapsed; but this could never be done, where the principal was dead. He cited 2 *Sellon,* 123. 6 *Term Rep.* 284. 4 *East,* 102.

KENT, Ch. J. delivered the opinion of the court. 1. There is no case in which the death of the principal, after the return and filing of the *ca, sa.* has been allowed as a ground for relief. All the cases agree, that after the bail are fixed, *de jure,* they take the risk of the death of the principal. The attempt for relief has frequently been made, and as often denied. The time which is allowed the bail, *ex gratia,* is at their peril, and they must surrender. (1 *Roll. Abr.* 336, (C. 1.)

12 *Mod.* 601. *Freem. Rep.* 338. 1 *Str.* 511. 2 Ld. *Raym.* 1452. 2 *Str.* 717. 2 *Wils.* 67. 6 *Term Rep.* 284.) There are cases in which the bail have been relieved, on motion, where the principal had become a peer, (*Doug.* 45.) or been sent abroad, under the alien act, (6 *Term Rep.* 247.) or had obtained a certificate as a bankrupt; (2 *Bos. & Pull.* 45.) but in none of these cases, except in the last, does it appear, that the bail had become fixed, when the event happened upon which they were relieved. A number of cases, in this court, have gone so far as to relieve the bail, if the principal had been discharged under the insolvent act, any time before the period allowed to the bail, *ex gratia*, had expired; but these decisions went upon the principle, that the discharge was equivalent to a surrender, and that it would be an unnecessary circuity to have a formal surrender made, since the principal would immediately be entitled to a discharge; and the latest decisions in *England*, seem to have gone the same length. (*Riddeller* v. *Mitchel*, *April* term, 1800. *Ingraham* ads. *Kane*, *October* term, 1801. *Van Alstyne* ads. *Brinkerhoff*, *July* term, 1802. *Seaman* v. *Drake*, 1 *Caines*, 9. 1 *Burr.* 244. 1 *Tidd*, 240.)

To allow the motion, then, upon this ground, would be to change a long settled and uniform course of practice and precedents. All that was said by the court, in the case of *Brownelow* v. *Forbes*, (2 *Johns. Rep.* 101.) went no further than to admit, that the bail were then entitled, under what might be called the equity side of the court, in respect to this subject, to be relieved on surrendering their principal, within the eight days after the return of the *capias* in debt on the recognisance. There is no decision of this court which has ever altered or shaken the *English* practice on the point before us.

2. The next ground of the motion for relief is, that the plaintiff had previously sued out a *fi. fa.* and

levied part of the debt, and that he afterwards resorted to a *ca. sa.* and to the bail, for the remainder. But it is not to be doubted but that the plaintiff may resort to these two kinds of execution, in succession; and that after levying part by *fi. fa.* he may sue out a *ca. sa.* or bring an action of debt on the judgment, for the residue. (4 *Bos. & Pull.* 134.)

This is for the advantage of the bail. It lessens the demand for which they may be responsible; and it does not deprive them, in the mean time, of the right of surrender. There is no reason for saying that the bail are discharged, if the plaintiff elects to sue out a *fi. fa.* in the first instance; no such plea is to be found, and it is repugnant to the condition of their recognisance.

In *Heath* v. *Manucaptors of Hall*, (*Freem. Rep.* 344. pl. 425.) it was admitted, that though part of the debt be levied on the principal, yet the bail are liable for the remainder. The motion must be denied.

Motion denied.