*Copy of conveyance by parish judge, in a certain case, inadmissible.*

*I. Baldwin*, for the plaintiff, offered in evidence an authenticated copy, made by the parish judge, of a conveyance of property, sold under execution in pursuance of the 26th section of the act of 1807, ch. 1.

*Morse* for the defendants. It cannot be read. This act provides that sales under execution shall be made, as prescribed by the act of 1805, ch. 46, sect. 15, which refers us to the act of the same year, ch. 25, sect. 10.

THIS latter act provides that the sheriff shall deliver, to the purchaser, a conveyance, which shall be recorded by the clerk; and a certificate that the same has been recorded, being endorsed on the original, the same shall be admitted in all courts, as evidence, without further proof of the execution.

THE original then, and not, while it exists, a copy of the record, is the legal evidence of the conveyance.

*I. Baldwin*, in reply. The Civil Code, 238 *art*. 234, provides that the copies of the acts, which are certified true copies from the originals by the notaries, who are depositories of such originals, make proof of what is contained in said

originals, unless it be proved that such copies are incorrect.

SPRING 1812.
V. District.

COLLINS
*vs.*
NICHOLS &
AL.

BY the act of 1807, ch. 1, sect. 16, parish judges act as notaries.

*By the Court.* The evidence is inadmissible. The Civil Code refers only to copies made by notaries who are depositaries of the originals. In this case, the conveyance is ordered to be recorded, and the original returned to the party. If the clerk gives a copy, it must be presumed to be taken from his record book, and then it is only the copy of a copy.

THE act of 1805, ch. 25, sect. 10, positively says the original shall be admitted as evidence.

CONVEYANCES taken by notaries public, are written and signed in their books. They, therefore, cannot be carried to court, without bringing the whole book or tearing off the conveyance. On account of the great inconvenience, and the risk that would attend the removal, the law allows the production of an authentic copy. The original being accessible to both parties. But in the case of a conveyance, which remains in the possession of the party, a loose paper, it is proper and convenient, and the law requires, that the original should be brought forth.

COPY REJECTED.

R

SPRING 1812.
V. District.

COLLINS
*vs.*
NICHOLS &
AL.

THE plaintiff suffered a nonsuit, and obtained a rule to shew cause, why the nonsuit should not be set aside, relying on the following cases.

PLAINTIFF having been nonsuited, for want of evidence, nonsuit set aside. *Van Vechten* vs. *Graves.* 4 *Johns.* 407.

A *non pros.* being entered by consent, was set aside. *German* vs. *Wainwright.* 2 *Dallas,* 266.

NONSUIT set aside, party being surprised. *Stephenson* vs. *Mortimer. Cowper,* 805.

*Porter* and *Morse,* shewing cause. A voluntary nonsuit cannot be set aside. The suit here was abandoned, by choice and desire. A distinction is to be taken between the cases, in which the party is nonsuited by the court, and those in which he willingly submits to a nonsuit. In the first, the party may say the court has erred. In the latter, he cannot complain, for the nonsuit has been taken as a benefit : for the plaintiff cannot be nonsuited without his consent. 2 *Binney* 234, *Gerrard* vs. *Hetten.*

EVERY plaintiff must come to trial, prepared for action, on the strength of his proofs. No party shall take advantage of his own negligence in not keeping his deeds, which in all cases ought to be produced. 2 *Gould's Esp.* 485. *tit. Evidence.*

THERE cannot be a case more in point, than that of *Thompson* vs. *Thompson,* 1 *Haywood* 405.

The plaintiff moved to set aside a nonsuit suffer-ed, because at the trial he had offered the attested copy of a bill of sale, without accounting for the original, and had been nonsuited, finding himself surprised. *Taylor*, J. said this is not a nonsuit by surprise, but *suâ negligentiâ*, and it ought not to be set aside.

In *Arrington's ad.* vs. *Coleman*, the deposition of a witness was rejected, because he was surety for the costs of the suit—and *M'Coy*, J. refused to set the verdict aside. 2 *Haywood*, 300.

In *Murray & Murray* vs. *Marsh & Marsh*, *Marshall*, C. J. and *Porter*, D. J. held that if the plaintiff, supposing himself ready, press for a trial, and it is found that the testimony he relied upon, cannot be given in evidence as he expected, and he be nonsuited, the allegation of surprise shall not prevail to set aside the nonsuit. *Id.* 290.

*By the Court.* No case is adduced, in which a nonsuit was set aside, when the party was not led to a submision to it, by an error of the Court. In the case of *Van Vechten* vs. *Graves*, the Supreme Court held that the judge, who tried the cause, had erroneously decided that notice from the plain-tiff, was necessary to support the action, while they held the assignees were the proper persons to give the notice—the plaintiff having, therefore, been guilty of no latches, was relieved from the

SPRING 1812.
V. District.

COLLINS
*vs.*
NICHOLS &
AL.

Spring 1812.
V. District.

COLLINS
*vs.*
NICHOLS &
AL.

inconvenience, in which he had been compelled to place himself, by the error of the judge.

In the case in *Dallas*, the *non pros.* was set aside on terms, acceded to by the party moved against.

In the case out of *Cowper*, the Court of King's Bench was of opinion that Mr. Sergeant Sayer, who had tried the cause, had erroneously held that the plaintiffs could not bring the action in their own names—and thereupon the nonsuit was set aside.

There being no case within the knowledge of the Court, in which a nonsuit suffered by a plaintiff, through his own neglect, or the unskilfulness or mistake of his counsel, was ever set aside ; and the cases cited by the defendant's counsel, especially those out of Haywood, referring to instances in which the bench erred—the Court, however unwilling to see the plaintiff turned round and compelled to bring a new action, must say that the nonsuit ought not to be set aside.

MOTION DENIED.