Ruffin, C. J.
 

 Although the evidence supported the second plea, yet, 'it is to be observed, that, if that plea was immaterial and' no bar in this case, there was no error in directing a verdict for the plaintiff, on that, as well as the other issue. For, as costs do not in this State go according to success on the several issues, but are given to him who has judgment in the action, it is manifest, that no injury can arise to the defendant by a verdict against him on an issue joined on his immaterial plea ; since, if the verdict were for him, the plaintiff would still be entitled to judgment, notwithstanding the verdict, for the debt and the same costs.
 

 The point therefore is, whether the matter of the second plea is a bar in this case. With his Honor, we think that it is not. The plea admits, that the
 
 ca. sa.
 
 is in due form, and was duly sued out, according to the course of the Court. Indeed, there is no doubt, that the plaintiff might sue out a
 
 ji. fa.
 
 and a
 
 ca. sa.
 
 at the same time.
 
 McNair
 
 v. Ragland, 2 Dev. Eq. 42. The
 
 ca. sa.
 
 was, therefore, in itself, valid, and the fault was not in the writ, but in the subsequent proceedings on it by the party. If, after seizing property on a
 
 fi. fa.
 
 and while it remained in the Sheriff’s hands undisposed of, the debtor had been arrested on the
 
 ca. sa.,
 
 it would have been irregular and improper; and, at the motion of the debt- or, the Court would have discharged him from custody and set aside the writ.
 
 Miller
 
 v.
 
 Parnell,
 
 6 Taunt. 370. That would have exposed the creditor to the debtor’s action for
 
 *586
 
 imprisonment; and, enabled the bail, if sued, to plead trulv, that there was no
 
 ca. sa..
 
 But, in the nature of things, . .... ’ a mere irregularity in the execution of process, which is valid jn ;tse]f; cannot render it void ; and, until it was set aside, the debtor could not have an action for his arrest. Perhaps, too, the Court might set aside the
 
 ca. sa.
 
 upon the motion of the bail. That, might in some degree depend on circumstances ; as if the bail had funds of the principal in his hands or other indemnity. But with that we have nothing to do at present; as here the matter is brought forward as a bar_ Now, the Statute, by requiring a
 
 ca. sa.
 
 to be sued out and returned
 
 non est inventus,
 
 necessarily gives the plea in bar, that there was no
 
 ca. sa..
 
 But it does not make an irregularity in executing the
 
 ca. sa.
 
 also a bar, unless thereby the process is made void, so that the case may be treated as if none had ever issued. But that is not the case; for bail cannot thus take advantage of an irregularity, as if a ca.
 
 sa.
 
 be sued out after a year and day.
 
 Cholmondeley
 
 v.
 
 Bealing,
 
 1 Lord Raymond 109. Suppose the writ in this .case had been served on the debtor, and that he had not moved for his discharge, but was imprisoned on it: very clearly, that would have been a discharge of the bail. That shows the writ was not void; and as the bail might derive the benefit of the'writ, as a
 
 ca. sa.,
 
 so he must be charged by it, while it remains in force.
 

 It is then objected, that the return of the
 
 ca. sa.
 
 is defective, because the act says the execution must be first returned, that the defendant is not to be found” — whereas this return is, “not found.” But the act does not profess to prescribe a‘ return
 
 in hoec verba,
 
 but only the nature and substance of it, namely, one of
 
 non est inventus,
 
 and there is no difference between “ not
 
 to be
 
 found” and “ not found” in this view.
 

 Per Curiam, Judgment affirmed.