ROBERTS *against* CHURCH.

Where an officer, having an execution, dated originally the 25th of *August* 1840, and returnable in sixty days, in proceeding to levy it upon the land of the debtor, made a demand of the debtor therewith, on the 16th of *October*, after which, it was altered, by the clerk of the court, by erasing the original date, and substituting the 17th of *November*, and then the officer, under such altered execution, completed his proceedings, and set off the land to the creditor, stating, in his return, that the demand was made on the 16th of *October*; it was held, 1. that the demand was legally made; 2. that it was not necessary to repeat the demand, after the date of the execution was altered, the subsequent proceedings being all under the same writ.

THIS was an action of ejectment; tried at *Litchfield, August* term, 1844, before *Williams*, Ch. J.

The plaintiff claimed title to the demanded premises, by virtue of the levy of an execution in his favour against *Willis Hart*, issued upon a judgment of the superior court for *Litchfield* county, rendered at its *August* term in 1840.

The defendant objected to the admission of this execution in evidence, because, by the return, no demand appeared to have been made, or if made at all, was made before the date of the execution. The plaintiff claimed, that as it appeared to have been made by virtue of the execution, that was

enough ; that the time was immaterial ; and the law would reject a false, impossible or improbable date.

The defendant further claimed, that the original execution was dated the 25th of *August* 1840, and made returnable in sixty days ; and that when the sixty days had expired, the execution was renewed, by the clerk, by striking out the original date, and inserting *November* 17, 1840, the present date. These facts were not controverted. In the officer's return, bearing date the 14th of *December*, 1840, it was stated, that the demand was made, by virtue of the execution, on the 16th of *October*, 1840.

The court overruled the objection of the defendant, and admitted the execution in support of the plaintiff's title.

The plaintiff obtained a verdict ; and the defendant thereupon moved for a new trial, on the ground of the admission of improper evidence.

*Church* and *Holabird*, in support of the motion, contended, That in the levy of this execution, the officer had not complied with the requirements of the law, and consequently, no title was thereby transferred to the plaintiff. In the first place, one of these requirements, and an essential one too, is, a demand of payment, to be made, by the officer, with the execution, of the debtor personally, or at his usual place of abode. *Dutton* v. *Tracy*, 4 *Conn. R.* 365. Secondly, the demand must be made with the *same* execution, by virtue of which the levy is made, and the land set off. An officer cannot do part of the acts required under one precept, and part under another. Thirdly, a *renewed* execution is a *new* execution : it is not the *same* precept as the original execution. An execution dated the 17th of *November*, 1840, and returnable on the 16th of *January*, 1841, is obviously a different precept from one dated the 25th of *August*, and returnable within sixty days from that time. Fourthly, it follows, that as no demand was made with the renewed execution, nor after the date of that execution, the proceeding was *fatally defective :* the plaintiff acquired no title.

*Hall*, contra, insisted, 1. That an alteration of the date of an execution, according to the constant and immemorial practice in *Connecticut*, is not a destruction or surrender of

that precept ; nor is it the creation of a new one.    It is still the same precept, with only a new date.

2. That as it appears from the return, that a demand was made, and was made " by virtue hereof," *i. e.* the execution by virtue of which the land was set off, the *time* of its being made, so far as it is inconsistent with the *substantial facts* stated in the return, will be disregarded, or presumed to be within the life of the execution.    *Omnia rite presumuntur*, &c.

CHURCH, J.    The execution under which the plaintiff claims, issued from the superior court for *Litchfield* county, at its *August* term, 1840, and, as the defendant claimed, was originally dated *August* 25th, 1840, and returnable in sixty days.    After the expiration of sixty days, it was *renewed*, as we term it, by the clerk of the court, who erased the first date, and inserted *November* 17th, 1840, its present date.

After an immemorial practice in this state of renewing executions, by a change of date, sanctioned, as it has been, by the courts, it may now be too late to enquire either into the propriety or necessity of such practice.    The question here is, did the officer make a demand of the debtor of moneys &c. under authority of the same process which he afterwards levied upon the land in controversy ?    He officially testifies, that he did ; and there is nothing to lead us to doubt the truth of his certificate, except the fact, that the present date of the execution is subsequent to the time when the demand is stated by the officer to have been made, *viz.* 16th of *October*, 1840.

An execution derives its force, as it does its existence, from the judgment of the court, followed by the official signature of its clerk.    The actual time when an execution is issued, is determined by the record ; and if it has no date, or a mistaken or impossible one, we do not see how its effect as a compulsory writ, is thereby destroyed.    The officer may therefore truly certify, that he acted under that execution, notwithstanding its date, provided he acted, after it was issued, by authority of the court.    We do not here intend to say, whether an execution, after its return day has passed, is an effective process, or not.    In the present case, the execution was operative, when the demand was made, on the 16th day of *October*, 1840 ; and that was a legal demand.    Was

it necessary that the demand should have been repeated, after the 17th of *November* 1840? We think not.

The subsequent proceedings were all under the same writ. Although our practice has been general, that the clerk of the court may renew an execution, without an order from the court, and even that a party may himself change the return day; yet it has never been claimed, that a renewed execution is a different one, deriving its efficacy from a mere change of its date, rather than from the original signature of the clerk.

This is entirely unlike an *alias* execution. Such a process issues either upon *scire-facias* or otherwise, where the original execution has been returned into court, or has been lost, or for some cause has become legally extinguished as a writ. The *alias*, in such case, is another and different execution, actually issued at a different time. In the present case, no other writ of execution has ever been issued: the clerk has never affixed his official signature to any other. This is the identical paper, with the identical signature, which was issued by the superior court, at its *August* term 1840, without an alteration in any essential particular, except a change of its date. If the date of a deed or other writing is lawfully changed, as by the agreement of parties, does it thereby become a different deed?

The demand, therefore, having been made upon this execution, while it was in full life, and the levy of it having been made, while it was an operative writ; the proceedings were lawful, and there ought not to be a new trial.

In this opinion the other Judges concurred, except STORRS, J., who was absent.

New trial not to be granted.