## NETTLETON v. BILLINGS.

Upon *scire facias* against bail, proceedings will be stayed on motion, on payment of costs, if, since he became bail, the principal has obtained his discharge in bankruptcy.

SCIRE FACIAS against the defendant, as bail of one Whittemore.

The defendant moved the court to stay proceedings because, after he became bail, and after the plaintiff had

obtained judgment against the principal, and before the commencement of the *scire facias*, the principal, being a resident within the district of New-Hampshire, applied to the United States district court for the purpose, and on the 16th day of November, 1842,' was, by a decree of that court, discharged from all his debts owing at the time of his petition, of which the judgment obtained by the plaintiff against him was one.

A plea containing the same matter, had been filed by the defendant, and held insufficient upon demurrer.

*Leland,* for the defendant.

*Burke,* for the plaintiff.

Woods, J.   The principal having obtained his discharge and certificate in bankruptcy, before judgment against the bail in *scire facias*, the latter moved the court to be discharged, for that cause.

Several cases have arisen in which the rights and obligations of the bail, consequent upon a state of facts that has rendered the surrender of the principal according to the recognizance, either wholly impossible, or if possible, wholly useless through want of legal power in the creditor to take him in execution if surrendered, have been a subject of discussion.

In the case of *Peter Vergen's Bail,* 2 Stra. 1217, the principal was at Newgate, under sentence of transportation. He was brought up on *habeas corpus,* and the bail were permitted to deliver him to the marshal, who immediately remanded him to Newgate.

In *Fowler* v. *Dunn,* 4 Bur. 2034, a motion for a *habeas corpus* was made in a case somewhat similar; but the debtor having actually gone on board a ship for transportation, the motion was denied, upon the express grounds

of inconvenience, and the case was distinguished from *Vergen's* in that particular.

In *Merrick* v. *Vaucher*, and the other cases, 6 T. R. 50, the defendants had been sent out of the kingdom under the alien act, and the bail moved to be discharged. Lord Kenyon said, " the bail only engaged for the principal in the then situation of the parties; but it is now become impossible for them to surrender the principals; and this impossibility does not arise from any act which they could control, but from the operation of an act of parliament. The bail, therefore, to whom no fault or neglect whatever is imputable, ought not to suffer in consequence of an act which was passed for the benefit of the public." *Exoneraturs* were accordingly entered, except in one case in which the bail had been indemnified.

In *Wood* v. *Mitchell*, 6 T. R. 247, the defendant had been sentenced to transportation, and the motion was for an *exoneratur*. The case of *Fowler* v. *Dunn* was referred to, and the cases distinguished, in the particular that the motion here might be granted without the inconveniences which induced the court to refuse the motion in the other case. The bail was exonerated.

In *Trindor* v. *Shirley*, Doug. 45, bail was discharged, because the principal had succeeded to a peerage, and the surrender had for that cause become impossible.

In *Donnelly* v. *Dunn*, 2 B. & P. 45, which was debt on a recognizance against bail, the defendant pleaded the bankruptcy of the principal, and there was a demurrer to the plea. The demurrer was sustained upon the ground that the bankruptcy was defence that the bankrupt alone could take advantage of. He might or he might not, when the proper occasion presented, elect to do so; but the bail could not elect for him, any more than he could avail himself of error in the record. The same point had been decided in *Donnelly* v. *Maclagan*, 2 B. & P. 45,

in notes.   But it was said that application might be made for summary relief.

In *Olcott* v. *Lilly*, 4 Johns. 407, it was decided that the death of the principal after bail was fixed, and pending the period allowed *ex gratia* for the surrender, did not exonerate the bail.   But *Kent*, Ch. J., says, "A number of cases in this court have gone so far as to relieve the bail if the principal had been discharged under the insolvent act, any time before the period allowed to the bail *ex gratia* had expired.   But these decisions went upon the principle that a discharge was equivalent to a surrender, and that it would be an unnecessary circuity to have a formal surrender made, since the principal would immediately be entitled to a discharge.

In *Woolley* v. *Cobb*, 1 Burr. 244, it was decided that if the certificate of the bankrupt is obtained before the bail are fixed, they shall be discharged.

In *Boggs* v. *Teade*, 5 Bin. 332, it was decided that bail is entitled to *enoneratur*, if the principal is discharged under a statute of insolvency, in the state of his domicil, having jurisdiction of the cause.   In *Champion* v. *Noyes*, 2 Man. 481, the same principle was held.   A plea of bankruptcy was allowed for the reason that the statute of bankruptcy expressly gave it to bail.

In the present case, if the bail were to surrender the principal, it would be unlawful for the creditor to proceed against him.   By the effect of the proceedings in the district court the debt is wholly discharged, and if arrested, the court would, on motion, order him to be set at large.

We are of the opinion, therefore, that the bail should be entitled to all the benefits to which he would be entitled upon an actual surrender upon *scire facias*.

This matter had been pleaded and adjudged insufficient upon demurrer.   This might well have been done upon the ground taken in *Donnelly* v. *Dunn*, 2 B. & P. 45, that the plea of bankruptcy is a personal matter which is

Nettleton *v.* Billings.

for the benefit of the bankrupt alone. But whether the insufficiency was upon that or upon other grounds, the application for relief, in the form in which it is now made, seems to have the countenance of the authorities cited, and seems to be unexceptionable.

*Proceedings stayed on payment of costs.*