## Case No. 3,762.

### The DELAWARE.

#### [Olc. 240.] [1]

District Court, S. D. New York. Jan. Term, 1846.

ADMIRALTY PRACTICE — ATTACHMENT FOR COSTS, ETC.—SUPREME COURT RULES—STATE STATUTES —STIPULATION FOR COSTS.

1. On a motion to show cause why an attachment should not issue against the parties for the payment of costs, or for other proper relief, the remedy is to be governed by the rules of the supreme court of the United States, or of this court, if any apply to it; and if not, then, "according to the principles, rules and usages which belong to courts of admiralty, as contradistinguished from courts of common law."

[Cited in The Antelope, Case No. 481.]

2. The provisions of the state statutes, or the decisions of the courts, in explanation or enforcement of these laws, will not supply a rule of decision in this court, unless such regulations are adopted by rules of the United States courts.

3. Under the rules of this court, a stipulation for costs includes a consent that execution shall issue against all the estate of the parties, in case the stipulators do not perform their engagements. An order or decree of the court must be first obtained on default of the stipulators. That right to such process is now made positive and certain by a rule of the supreme court, so far as concerns goods and chattels, and the arrest of the person, in case the decree is not satisfied.

4. The party is entitled to either alternative of the 21st rule. Taking out a fi. fa. in the first instance without success, does not prevent his resorting to process of capias ad satisfaciendum,

¹ [Reported by Edward R. Olcott, Esq.]

or to an attachment. He may have relief at his option, as to the order of process.

5. Quere. Whether the arrest of stipulators, under a ca. sa. or attachment, satisfies the decree? Also, whether, after a ca. sa. executed, the claimant may sue out an attachment?

On the attachment of the vessel at the suit of the libellant, a stipulation was entered into by him and Edward R. L'Amoreux, according to the course of this court, in the sum of two hundred and fifty dollars, to secure the costs of suit, if decreed against the libellant. On a hearing of the cause, upon the merits, on the 15th day of April last, the libel was dismissed, and costs to be taxed were adjudged in favor of the claimant of the vessel. On the 24th day of October, an order or decree was entered requiring the above stipulators to fulfill their undertaking, or show cause on a day assigned, why execution should not issue against the estate, real and personal, of the stipulators. On the 4th of November, a final decree for execution was made and entered, and execution of fieri facias or venditioni exponas was issued the 18th of November, and duly returned, nulla bona, as to both stipulators, on the 2d day of December.

Mr. Morton, for the claimants, thereupon, moved the court, upon these proceedings, and an affidavit that the taxed costs had been demanded of the stipulators, and were not paid, for an attachment against them, to compel payment of the taxed costs, or such other relief as he may rightfully have.

W. Q. Morton, for claimants.
S. B. Noble, for libellant.

BETTS, District Judge. It is to be remarked that L'Amoreux, one of the stipulators, was merely surety in the stipulation, and that the original costs are not taxed or decreed eo nomine against him, otherwise than as they are the subject of the condition of the stipulation, which the decree directs to be fulfilled. The remedy, whatever it may be, under the decree upon the stipulation, is not to be in consonance with the statute law or practice of the state courts, but is to be governed by the rules of the supreme court of the United States, or of this court, if any apply to it, and if not, then "according to the principles, rules and usages which belong to courts of admiralty, as contradistinguished from courts of common law." Act May 8, 1792, § 2 [1 Story's Laws, 257; 1 Stat. 276]; Mauro v. Almeida, 10 Wheat. [23 U. S.] 473. The provision of the state statute giving a party an attachment to obtain the payment of costs, ordered and adjudged in his favor (2 Rev. St. p. 441, § 4; Sess. Laws 1840, p. 333), or the decisions of the courts in explanation or enforcement of these laws, will not supply a rule of decision here, without those regulations are also adopted by rule of the federal courts. The rules of the supreme court were in force when the first proceedings were taken by the claimants to

enforce the payment of these costs, and accordingly those rules are to be looked to as the paramount authority, controlling the whole subject matter. The 21st rule provides, that when a decree is for the payment of money, the libellant may have, at his election, an attachment to compel the defendant to perform the decree, or an execution against the property, or for want thereof, against his body. In all other cases the decree may be enforced by an attachment to compel the defendant to perform it. 3 How. [44 U. S.] Append. 7.

In this case an execution against the property of the stipulators only was prayed for and accorded, and it is urged in their behalf that the election of that process by the claimant concludes him from using any further or other form of remedy. This proposition cannot, I think, be maintained. As a general principle, when a party is entitled by law to an execution against the property and person of a debtor, the suing out, in the first instance, one against the property, does not preclude his afterwards resorting to a ca. sa. against the body (Olcott v. Lilly, 4 Johns. 407); and that principle is distinctly recognized in the act of congress of May 8, 1792, § 2, which provides that in judgments (in any proceedings of the United States courts) where different kinds of execution are issuable in succession, a ca. sa. being one, the plaintiff shall have his election to take that out, in the first instance (1 Story's Laws, p. 300, § 2). According to the practice of this court, a decree against stipulators for breach of their undertaking is equivalent to a judgment for the amount of the stipulation. Betts' Pr. 27. This is substantially the course of the English admiralty, other than that lands cannot, in that manner, be made subject to admiralty process. 2 Browne, Civ. & Adm. Law, 98. The decree in this case was, in effect, for the payment of money; the amount to be ascertained or liquidated by a taxing officer of the court. The stipulators thus became charged with the debt they had assumed by the stipulation. The amount of that assumption was determined by the taxation of costs. The recovery is not enforced by execution against stipulators upon taxation alone. That, like the report of a master in chancery, settles the sum to be paid, and then a specific order or decree may be had thereupon against the stipulators. Dist. Ct. Rule 145. Under the rules of the district court, the stipulation includes a consent that execution may issue against all the estate of the stipulators; and the order or decree, upon default in observing the engagement, is correspondent with it. Dunl. Pr. 147.

The remedy is now made positive and certain, without the consent of the stipulators, in respect to libellants, on all decrees for the payment of money, by the rule of the supreme court, so far as respects goods and chattels, and is also extended to the arrest of the person, in case goods or chattels are not found to satisfy the decree (rule 21); and by the same rule a direct proceeding, by attachment of the person, is authorized in all other cases. Either, then, the claimant might proceed upon the consent, and take out execution against chattels and lands of the stipulators, or he is entitled, by the rules of the supreme court, absolutely to an attachment. A parity of reason would give him equally the process of execution against the body, in case there are not sufficient goods and chattels found to satisfy his decree, as a peremptory attachment is a higher order of process than a capias ad satisfaciendum. He takes, with his decree, the right to all the remedies supplied by the law; the rules of the district court cannot restrict the remedy furnished by the rules of the supreme court; nor because he has unsuccessfully sought satisfaction of his decree, conformably to the course of practice of the district court, can that court withhold from him any further or more efficient process provided for the case by the supreme court. I hold, then, that the claimant is entitled to execution against the bodies of the parties charged by the decree; and his having previously taken out an ineffectual one against the property, does not prevent his resort to this also. But as the ca. sa. could have been embodied with the fi. fa., and properly should have been so issued, the stipulators are not to be charged with the additional costs of taking it out as a distinct writ, if it is now elected, nor of this application to the court, which was not necessary to authorize it. I do not now touch the question, whether the rule of the supreme court, authorizing a capias ad satisfaciendum upon a judgment or decree for the payment of money, may stand in conflict with the act of congress of February 28, 1839 [5 Stat. 321], abolishing imprisonment for debt. That question may arise and require a careful consideration and decision in case the claimant sues out a ca. sa., and the stipulators are imprisoned under it. The party is entitled to either alternative of the 21st rule; and as taking out a fi. fa. in the first instance, without effect, does not prevent his having afterwards the more stringent process of a capias ad satisfaciendum, so, also, he may avail himself of the still more coercive provision of the rule, and take out an attachment. The true construction of the rule is not, in my judgment, that the privilege of election given by it confines the party to the remedy he first adopts; but when he has bona fide tried without effect one, he still may resort to other alternatives, especially when his election was not against the body of the party but against his property. It is not necessary to decide here, nor do I mean to touch on that point, whether an arrest of a party on a ca. sa. or attachment shall be deemed a satisfaction of the decree, so as to preclude the after use of a fi. fa.; nor whether, after having arrested the stip-

ulators on a capias ad satisfaciendum, the claimant may resort to an attachment. He will elect his remedy at his own hazard. No costs are ordered on this application to either party.