Sutliff, J.
Two questions are urged upon our consideration in "this case:
1. Does the record show error in overruling the motion of plaintiffs for an exonoration ?
2. Does the record show error in the holding of the court, that the matters stated in the answer were insufficient to constitute a -defense ?
Previous to the • adoption of the code of civil procedure in this state, the provisions and practice in relation to the liability of special bail, had been very uniform, and well understood.
Under the statutes of 1816 and 1824, as well as that of 1831, the undertaking and liability of the special bail became absolute upon neglect to surrender the principal after the return “ not found ” upon the capias ad satisfaciendum against him until after the service and return day of process against the bail. The limitation of the time for surrender is substantially the same in the statute of 1831, as in the preceding statutes, and is expressed as follows: “ Provided that such surrender be made at or before the appearance day of the first scire facias against the bail, returned scire feci, or of the second scire facias returned nihil, or of the capias ad respondendum, or summons in an action of debt against the bail on his recognizance returned, ‘served,’ and not after ;” providing that there should be at least fifteen days between the service and return of said writs. During the time so fixed by the statute, the undertaking of the bail remained conditional, and the condition was saved by the statute by a surrender of the principal at any time before or upon the ■ appearance day of the special bail so served with process.
Under the English rule, the bail were held to be legally fixed upon the return of the capias ad satisfaciendum against the judgment defendant, not found. And the right of the special bail to still surrender-the principal at any time before the return of a *seire facias upon them, served, or the return of nihil upon a second scire facias, was regarded by their courts, ex gratia, mere matter of indulgence on the part of the court, beyond the terms of their con *468 tract. But this matter of indulgence in their courts became a matter of practice; and matters of practice being of positive regulation, the law became, and has long remained in the English courts established, that the bail might, at any time before the return of a scire facias, capias, or summons upon him as bail, served, or before the return of the second spire facias nihil, surrender the principal, and thereby, on payment of costs, become entitled to an exoneretur upon his bail bond. The bail are, however in England, regarded as legally fixed, and, to some extent, liable upon the return of the 'capias ad satisfaciendum, against the principal, not found. The bail are then, by the terms of their bond, liable; and, in the further time so given by the indulgence of the court, they are, by the rule of practice so established in the English courts, permitted to discharge his liability by the actual surrender of the principal within the further time named. But neither the imprisonment nor death of the principal, after the return of the capias ad satisfaciendum against him not found, will exonerate the bail from their legal liability. And if their principal is not surrendered previous to such suing out and service of process against the special bail, they are then said to be definitively fixed, and their contract to pay the judgment of their principal, before then conditional, is then regarded as absolute.
The statute law of this state, it will be observed, previous to the code, while it closely adheres to the general practice of the English courts in regard to the liabilities of special bail, had alleviated the rule somewhat in their favor. The rule of practice, as established by our statute, extends the legal right of the bail to an exoneration on their undertaking, upon a surrender of their principal, to the time at which, under the English rule, the bail were held to become definitively fixed, in case of a neglect to surrender. And previous to the time so limited by our statute, if the principal should die, although after the return of the capias ad satisfaciendum not found, the bail would thereby become ^exonerated. Bank of Mt. Pleasant v. Administrator of Pollock, 1 Ohio, 35.
The record in this case discloses the facts of the defendants’ liability upon their bail bond having become definitively fixed and absolute, and the default of defendants for answer to the petition, entered upon the docket by the order of the court, and a continuance of the cause until the next term of the court; and that, under these circumstances, during the next, the October term, leave was *469 given by the court for the bail to surrender their principal, and that, in accordance with the order of court, the defendants surrendered the principal, and on the 20th of October filed their answer, setting forth the surrender, while said default remained unvacated, and without leave to answer; and at the same time filed their motion for exoneration.
Without regard to the regularity or irregularity of tho proceedings, does the face of a surrender made under an order of court, under such circumstances, constitute, by the provisions of the code, -a good defense ?
The code provides that the liability of the bail shall be fixed by the return of “not found,” upon an execution against the body of the defendant; following the English practice, rather than that before established by statute in this state in that particular. Section 167 provides that “ for the purpose of surrendering the defendant, the bail, at any time or place before he is finally charged, may him■self arrest him, or by a written authority, indorsed on a certified copy of the undertaking, may empower any person of suitable age .and discretion to do so.” The express provision of the former statute, that the surrender of the principal in discharge of the bail, shall not be after the bail became fixed, has been left to be implied rather than expressed. We think, however, from the express provision that the principal may be arrested by the bail for the purpose of being surrendered, “ at any time or place before he is finally charged,” it is clearly implied, under this provision of the code, that he can -not be arrested for such surrender, after the bail becomes finally charged. In this case the bail were finally charged, and their liability on their bail bond absolute, on the 8th of October, at the *time the order was made for further time to surrender their principal. The record shows no reason for the motion or for the order. The order was for two days’ time, but the date of the surrender is the same as that of the order; from which it might be inferred that the principal was then in court. There is no more reason shown for an extension of the time two days than for two months. The record does show that after the service of the summons upon the bail, on the 3d of September, the bail proceeded to Maryland, or procured an agent to do so, and brought their principal to Cincinnati on the 12th of September; but if they had the .authority to arrest him upon a bail-piece at that time, after the 3d of September, they likewise had authority to surrender him. This *470 they did not assume to do, nor to make any answer to the petition ,- but suffered their default to be entered in the case; and made no-answer for more than a month after the arrest upon thei.r bail-piece, and return of Newman to Cincinnati. Nor does the record offei explanation for the neglect, on the part of the bail, of any attempt, to surrender the principal from the date of the judgment against him, at the April term, down to the 4th of September, when they sent their agent to Maryland for him.
If it were conceded that the court, on the 8th of October, had the right, in the exercise of their discretion, to grant an extension of time for the surrender of the principal, the motion for entering an exoneration being on hearing, as well as the defense set up by the-answer, it was the duty of the court to look at all the facts and circumstances of the case, in order.to determine the propriety of allowing or disallowing the motion. This the court seems to have done, and exercised their discretion at the May term, 1856, of the-court, by overruling the motion and refusing to set aside the default, and not admitting as a legal defense the matters set up in the-answer. At that term, the court rendered a judgment against the bail for the amount due upon the judgment against Newman, and' for costs of suit. No exception appears to have been taken, nor any bill of exceptions presented or allowed during the term. There-is nothing in the record, in this view of the case, that would authorize us to find that the court did not ^properly exercisers legal discretion in overruling the motion and entering up judgment against the bail at the May term.
But we do not think the court, on the 8th of October, 1855, had-authority, under the circumstances, to allow a surrender of the principal in discharge of the bail. Section 168 of the code, if susceptible of such a construction, should be so construed as to harmonize' with the preceding provisions of the code upon the same subject. We think it very clearly susceptible of such a construction. All the preceding provisions of the code, in accordance with the former-uniform practice of this state, recognize and express the rule, that a surrender of the principal in discharge of the bail, can only be-had previously to the bail becoming definitively fixed. And the lan guage of section 168 is not inconsistent with a continued adherence to that rule. Indeed, the expression relied upon, “ within the time-fixed by section 166, or within such further time as the court in which the action is pending may allow,” can not be regarded as *471 anything more than an implied authority for the court, in a proper case, to enlarge the time, by a special order previous to the bail becoming finally charged, beyond the period fixed by section 166. And a surrender made within the limit of such order, would be as-evidently a surrender previous to the bail becoming finally charged, as would a surrender previous to the return'day of the summons in the action against the bail.
It is true, cases are frequently found in practice, where motions for the relief of bail have been successfully made after the bail has become definitively fixed, but in all of those cases, unless it be an exception to a general rule, it'will be found, I apprehend, that the cause for relief, whether the death, or imprisonment, or bankruptcy of the principal, will be found to have arisen previously to the bail having become finally charged. See the case of Oleott v. Lilly, 4 Johns. 407; also Rathbone v. Warren, Bail, 4 Johns. 309.

Judgment affirmed.

Bartley, C. J., and Swan, Brinkerhoee, and Scott, JJ., concurred.