### VICORY v. TOTARO et al.

(Court of Appeals of District of Columbia. Submitted November 9, 1921. Decided December 5, 1921. Motion to Rehear or Modify Denied December 31, 1921.)

No. 3495.

1. **Certiorari** ⊂⊃44—**Writ granted on petition presented before filing was properly quashed.**

Under Supreme Court rule 22, providing that applications for certiorari shall be heard by the court or before one of the justices at chambers, but not until a petition has been filed and docketed, a writ of certiorari issued to the municipal court was properly quashed, where the petition had not been filed or docketed at the time the writ was granted.

2. **Certiorari** ⊂⊃8—**Not remedy for refusal to approve appeal undertaking.**

Since only the municipal court can approve an appeal undertaking under Code, § 31, a writ of certiorari is not the proper remedy for the refusal to approve such undertaking, as the Supreme Court could give no relief on such a writ, but the proper remedy was by rule to show cause why the undertaking should not be accepted.

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the Supreme Court of the District of Columbia.

Petition for certiorari by Carl Vicory against Carmelo Totaro and others, to bring up for review the action of a municipal court in setting aside its approval of an appeal undertaking. From a judgment quashing the writ of certiorari, petitioner appeals. Affirmed.

Raymond M. Hudson, of Washington, D. C., for appellant.

Robert T. Lang, of Washington, D. C., for appellees.

SMYTH, Chief Justice. The municipal court approved an appeal undertaking in a case which had been decided by it, and the next day, upon a further showing, set aside the approval. Thereupon the defeated party, Vicory, appellant here, presented a petition to one of the justices of the Supreme Court for a writ of certiorari to bring up for review the action of the municipal court.

[1] The writ was issued, but was later quashed on motion, on the ground that the petition for the writ was not filed before it was presented to the justice, as required by rule 22 of the Supreme Court. The rule reads:

"Motions or applications for special remedial writs, such as writs of quo warranto, mandamus, certiorari, supersedeas, etc., shall be heard by the circuit or criminal court, or before one of the justices at chambers, but not until a petition, verified by affidavit, which shall be made by the applicant in cases of quo warranto and mandamus, and stating the grounds of the application, has been filed and docketed."

This rule is prohibitive. It says no petition for a writ of certiorari shall be heard by any of the justices of the court until it has been filed and docketed.

It is conceded that the petition had not been filed or docketed at the time the writ was granted. The court, interpreting its own rule, held this to be fatal, and quashed the writ. We see no reason for disturbing its action.

While the motion to quash was pending, Vicory moved for an alias writ. At this time his petition, duly verified as required by the rule, was on file, and, we assume, docketed, because nearly four months had intervened between the date of the filing as given in the record and the date of the application for the alias writ.

[2] Perhaps an alias writ supposes a pre-existing valid one, which for some reason had lost its efficacy (Roberts v. Church, 17 Conn. 145), for its opening clause usually runs thus: "We command you as we have heretofore commanded you;" and, if so, Vicory was not entitled to such a writ. We prefer, however, to put our judgment on a broader ground. If the alias writ was granted, or, for that matter, if the original writ was valid, and the record of the lower court, in pursuance of its command, laid before the Supreme Court, what relief could that court have given? It had no power, upon reviewing the record, to approve the undertaking. Only the municipal court could do that. Code, § 31. Vicory's purpose required a writ commanding the judge of that court to approve the undertaking. Deposit Co. v. Beck, 12 App. D. C. 237; Church v. Fidelity & Deposit Co., 13 App. D. C. 264; Bundy v. United States Ex rel. Darling, 25 App. D. C. 459. In the first case

the petition for a writ of certiorari alleged, inter alia, that the justice of the peace refused to approve the proposed bond, or any bond that might be presented by the petitioner. The writ was issued, but subsequently quashed, by the Supreme Court. On appeal Mr. Chief Justice Alvey, speaking for this court, said:

"The remedy in such case is not by writ of certiorari to simply remove the proceedings from before the justice, but by a proceeding to reach the justice himself."

Accordingly the court held that the proper procedure indicated a rule upon the justice to show cause why the undertaking should not be accepted, and affirmed the action of the lower court in quashing the writ. This and the other decisions referred to make it plain that the court committed no error in refusing the alias writ.

The judgment is affirmed, with costs.

Affirmed.