The file in this case discloses the following matters of consequence in so far as the plaintiff's motion is concerned:
1. That by writ, summons and complaint dated February 19, 1940, and returned to this court on the first Tuesday of March, 1940, the plaintiff instituted an action against the defendants (husband and wife) claiming damages in the amount of $2,000 for injuries alleged to have been sustained by him on December 9, 1939, when struck by a motor vehicle operated by the defendant husband and owned by the defendant wife.
2. That on March 5, 1940, an appearance was entered for the defendants by Attorney Israel J. Jacobs, and thereafter pleadings were closed and the parties at issue as on file.
3. That on November 22, 1940, judgment was entered by this court (Devlin, J.), finding the issues for the plaintiff and awarding him damages against both defendants in the amount of $350 together with costs subsequently taxed by the clerk in the amount of $65.55.
4. That on December 7, 1940, the clerk of this court issued an execution against both defendants, and delivered the same over to one Louis Wasserman, a deputy sheriff of New Haven County, for service.
5. That on February 3, 1941, said deputy sheriff made his return in which he sets forth: "Then and there by virtue hereof, I tried to make demand upon the within named defendants Abram Smolen and Lena Smolen, for the full sum of this execution plus my fees, but found said defendant Abram Smolen to be confined in hospital and I made demand upon Lena Smolen and found that she was taking care of a sick *Page 512 
sister and neglected and refused to pay the same, and I am herewith returning this execution wholly unsatisfied."
6. That on September 6, 1941, the plaintiff filed this motion and the same came before the court for hearing at short calendar on September 12, 1941. Paragraph 5 of said motion reads: "That in order to satisfy said judgment it will be necessary for the plaintiff to obtain body executions against both of said defendants."
At the aforesaid short calendar hearing, plaintiff offered Deputy Sheriff Wasserman as a witness who testified in accordance with matters set forth in his return of February 3, 1941. Defendants' counsel was not present, although he still remains counsel of record. It was stated by plaintiff's counsel that: "Mr. Jacobs is apparently no longer interested in this case." Be that as it may, the court must assume that the defendants had notice of the motion to be heard on September 12, 1941, since their counsel of record is deemed to have received the short calendar list in the ordinary course prior to said date of hearing.
In 23 C.J. Executions § 166, there is stated what appears to be the applicable rule: "It is well settled that the right to issue alias and pluries executions exists independently of any statute conferring authority to issue them; .... An alias or pluries writ is proper where an execution is unproductive, as where the first or preceding writ is returned unsatisfied in whole or in part [citing Johnson vs. Huntington, 13 Conn. 47].... In other words, if satisfaction is not obtained by the original, the party interested has the right to an alias and a pluries until satisfaction is obtained." See 21 Am. Jur. Executions § 70, as to the difference between the "alias" and "pluries" aspects, which difference is not germane to the immediate question herein presented.
"After the return unsatisfied of the first execution there is no irregularity in issuing another." 21 Am. Jur. Executions
§ 75.
Attention is called to the fact that there is a difference, a subtle difference, between a "renewed execution" and an "alias execution." Our Supreme Court has said that "The alias
[execution] .... is another and different execution, actually issued at a different time." Roberts vs. Church, 17 Conn. 142,145. Reference is again made to Johnson vs. Huntington, *Page 513 
13 id. 47 (particularly at p. 50), cited in the quotation fromCorpus Juris, supra.
 There appears to be no valid reason why the motion should not be granted. Accordingly, the motion is granted and it is ordered that the clerk issue alias body executions on the plaintiff's judgment entered on November 22, 1940.