ABRAHAM GILMAN ET AL. *v.* HUGH M. JOSELOFF ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, Js.

Argued May 3—decided June 21, 1949

*Charles G. Albom,* with whom, on the brief, was *Nelson Harris,* for the appellants (plaintiffs).

*Reubin Kaminsky,* for the appellees (defendants).

JENNINGS, J.   This is a suit for a temporary and a permanent injunction to restrain the defendants from the further levy of an execution on the bodies of the plaintiffs. The principal question to be decided is whether a levy on the body (capias ad satisfaciendum) can be made under an alias execution after an execution against property (fieri facias) has been returned partially satisfied.

The case was submitted on an agreed statement of facts. No finding is necessary where this course is adopted. On July 8, 1947, the defendant Stanley Nierwakowski recovered a judgment against the plaintiffs for $8131.71 based on common-law negligence. On February 26, 1948, he took out an execution. It did not contain a provision for attachment of the body. It was returned on April 6, 1948, partially satisfied. On April 19, 1948, he took out an alias execution for

the balance due, containing a provision for attachment of the body. Demand thereunder was made of the plaintiff Gilman on May 1, 1948. Upon the refusal of Gilman to pay or to disclose any personal estate upon which levy of execution could be made, he was taken into custody by the deputy sheriff and lodged in jail. The sheriff left with the keeper of the jail an attested copy of the execution with his doings thereon indorsed. Gilman was subsequently released upon furnishing a jail limits bond. The defendants intended to complete service of the execution on the other plaintiff, Chasnoff, but were served with a temporary injunction incidental to the case at bar on May 5, 1948. Judgment was for the defendants.

Levy of execution on the body has long been regulated by statute in this state. General Statutes, Rev. 1930, §§ 5786, 5801 (Rev. 1949, §§ 8097, 8112). The plaintiffs concede that the body is not exempt from execution in ordinary tort actions. The recent history of the Connecticut statutes was reviewed in *Campbell* v. *Klahr*, 111 Conn. 225, 149 A. 770. They have not been amended since that time. See also 1 Swift's Digest, Chap. 26, p. 794; 7 Yale L. J. 295.

No Connecticut case has been cited or found determinative of the principal question stated above, although Swift does say on the page cited: "Executions . . . may at any time be renewed, or alias executions granted by the clerk, without application to the court. . . ." See also *Roberts* v. *Church*, 17 Conn. 142, 145. The few cases found elsewhere agree that the answer is in the affirmative. In the language of a former day: "It was moved to quash the *capias ad satisfaciendum*, because the plaintiff, by taking out an *elegit*, had waived any other execution. And for this all the old cases were cited. But the court held the *capias ad satisfaciendum* was regular; for there being

a *nichil* returned as to lands, the *elegit* was but in the nature of a common *fieri facias,* upon which, if part be levied, the plaintiff may afterwards have a *capias ad satisfaciendum." Beacon* v. *Peck,* 1 Strange 226, 93 Eng. Rep. 487; see also *Gardner* v. *Cover,* 1 Gale 45; *Marshall Field & Co.* v. *Freed,* 191 Ill. App. 619, 624; *Olcott* v. *Lilly,* 4 *Johns.* (N. Y.) 407, 410; *The Delaware,* 7 Fed. Cas. 394, No. 3,762; *Wheeler* v. *Bouchelle,* 27 N. C. 584, 585.

The plaintiffs claim that the defendants waived their right to a levy on the body by first taking out an execution against property. They cite no case in support of this proposition. They claim that: "Nothing in the statute permits [a creditor] to keep the threat of a body execution over a debtor for the rest of his life. . . ." The statute is definite and clear. It specifically authorizes levy on the body under certain conditions. The fact that it is silent as to the necessity of an election by the creditor between the two remedies is no basis for a claim that such an election must be made. The argument is without merit.

This conclusion makes it unnecessary to consider the defendants' claim that the plaintiffs have no standing in equity, particularly because they allege that they have sufficient personal property to satisfy the judgment. The plaintiffs' complaint of the return on the mittimus was not made in the trial court and will not be considered. Conn. App. Proc. § 44. The final claim pursued on the plaintiffs' brief is that, since the alias execution was not returned within sixty days of the date of issue, as required by General Statutes, Rev. 1930, § 5783 (Rev. 1949, § 8094), it is void. The pleadings afford no basis for a judgment for the plaintiffs on that ground. The basic and only allegation of the complaint was that the plaintiffs had sufficient personal estate to satisfy the judgment.

The judgment of the trial court was correct.

There is no error.

In this opinion the other judges concurred.