## PALMER *against* PALMER.

To render an
execution
valid, it must
pursue, and
be warrant-
ed by, the
judgment.
If, therefore,
an execution
in favour of
a party *in his
private ca-
pacity*, be is-
sued on a
judgment in
favour of
that party
*as adminis-
trator*, and be levied on the land of the debtor, it will create no title.

THIS was an action of ejectment for two pieces of land in *Greenwich*.

The cause was tried at *Fairfield, December* term, 1817, before *Edmond, Smith* and *Gould*, Js.

The plaintiff claimed title to the demanded premises, by a conveyance from *Simeon H. Minor*, Esq. whose title, if he had any, was acquired by the levy of an execution. It was admitted, that at the time of the levy, the title was in *Oliver Palmer*, the execution debtor. To prove *Minor's* title, the plaintiff offered in evidence, 1. a writ and declaration in favour of " *Simeon H. Minor*, administrator of the goods and

estate of *Ferris Palmer,* late of *Stamford,* deceased," against *Oliver Palmer.* 2. A judgment of the county court for *Fairfield* county, held on the third *Tuesday* of *April,* 1814, in these words : " *Simeon H. Minor* of *Stamford,* in said county, administrator of the estate of *Ferris Palmer,* late of said *Stamford,* deceased, plaintiff, against *Oliver Palmer* of said *Stamford,* defendant ; in a plea of the case, demanding 75 dollars, as per writ on file, dated *April* 6th, 1814 : the parties were here called ; the plaintiff appeared, and the defendant made default of appearance : whereupon it is considered by this court, that the plaintiff shall recover of the defendant, 83 dollars, 88 cents, damages, and his cost, taxed at 6 dollars, 22 cents, and that execution be granted, &c." 3. An execution in these words : " To the sheriff, &c. Whereas *Simeon H. Minor,* of said *Stamford,* recovered judgment against *Oliver Palmer,* of said *Stamford,* before the county court holden at *Fairfield,* within and for the county of *Fairfield,* on the third *Tuesday* of *April,* 1814, for the sum of 83 dollars, 88 cents, damages, and for the sum of 6 dollars, 22 cents, costs of suit, as appears of record, whereof execution remains to be done : These are, therefore, by authority of the state of *Connecticut,* to command you, that of the goods, chattels or lands of the said debtor, within your precincts, you cause to be levied, and the same being disposed of, or appraised as the law directs, paid and satisfied unto the said creditor, the aforesaid sums being 90 dollars and 10 cents in the whole, with 17 cents more for this writ, and thereof to satisfy yourself for your own fees. And for want of such goods, chattels or lands of the said debtor, to be by him shewn unto you, or found within your precincts, to the acceptance of the said creditor, for the satisfying of the aforesaid sums, you are hereby commanded to take the body of the said debtor, and him commit unto the keeper of the gaol in *Fairfield,* in the county of *Fairfield* aforesaid, within the said prison, who is hereby commanded to receive the said debtor, and him safely keep, until he pay unto the said creditor, the full sums above-mentioned, and be by him released, and also to satisfy your fees. Hereof fail not," &c. 4. The officer's return on the execution, stating, in the usual form, his levy on the debtor's right in the land in question, the appointment of appraisers, their ap-

*Hartford,*
*June, 1818.*

Palmer
*v.*
Palmer.

praisement under oath, and concluding thus : " I do, therefore, by virtue of this execution, on this 26th day of *October,* 1814, set off to the creditor named herein, the equal, undivided 7166 seventy-two thousandth parts of said land, as a right of the said debtor therein, to satisfy 58 dollars, 71 cents of this execution, and cost of levying the same ; it being all the right, title and interest, the said debtor has in and to said land."

To the admission of this evidence, the defendant objected, on the ground, that the judgment did not support or warrant the execution, as it did not appear to be the same judgment, on which the execution was issued. The court excluded the evidence ; and thereupon the issue was found in the defendant's favour. The plaintiff moved for a new trial ; which motion was reserved in the usual manner.

*Sherman,* in support of the motion, contended, that this execution vested the same title in the creditor, which it would have done, if the word " administrator" had been inserted in it ; and that, consequently, the omission was immaterial. *Crawford* v. *Whitall, Doug.* 4, 5. *n. Bonafous* v. *Walker,* 2 *Term Rep.* 126.

*Daggett* and *N. Smith,* contra, insisted, that the execution must pursue the judgment ; otherwise, it has nothing to support it. A judgment in favour of *A.* in his *representative character,* will no more support an execution in favour of *A.* in his *private capacity,* than a judgment in favour of *B.* will support an execution in favour of *C. Bac. Abr. tit.* Execution, (F.) *Norton* v. *Harvey,* 1 *Vent.* 259. *Wate* v. *Briggs,* 1 *Ld. Raym.* 35.

Swift, Ch. J. The question in this case is, whether an execution levied on land, which is in favour of the plaintiff, in his private capacity, and the judgment was in his favour as administrator, will create a title to the land. It is an unquestionable rule, that the execution must pursue, and be warranted by, the judgment, to render it valid. Here is no judgment in favour of the plaintiff in his private character ; but only as administrator. The execution, then, does not pursue the judgment ; and there is no judgment to warrant it.

Hartford,
June, 1818.

Palmer
v.
Palmer.

Indeed, there does not appear to be any judgment on which the execution issued. It is, therefore, a nullity ; and the court did right to reject it.

GOULD, J. None of the authorities, referred to in support of the motion, apply to the case before us. There was no question of *variance*, in any of them : whereas, in the present case, that is the real and only question. That an administrator may maintain debt, or a *scire facias*, in his individual capacity, upon a judgment recovered by him in his representative character, there appears now to be no doubt, notwithstanding former opinions to the contrary. *Crawford* v. *Whittal, Doug.* 4. *n. Bonafous* v. *Walker,* 2 *Term Rep.* 126. For the judgment. it is agreed, converts the original demand into a debt, due to himself, in his own right. But this admission is nothing to the purpose of the plaintiff's argument : for it is equally certain, that in whatever mode the original judgment is to be enforced, it must be set out or counted upon, *as it is.* Hence, if the administrator sues upon the first judgment ; he must unquestionably aver, that he *recovered it as administrator.* And for the same reason, if he takes execution upon it without a second suit ; the execution must show the same fact : otherwise, the judgment will not support the second action, in the one case, or the execution in the other— as there will necessarily be, in either case, a fatal variance. There is also no doubt, that upon a judgment recovered *against* an administrator, as such, he is liable to a *sci. fa.* in his individual capacity. But will it be, therefore, contended, that, without any intervening suit, execution upon such a judgment, might issue, in usual form, *against* him, in that capacity ? Or, that execution could issue against him, in any form, without *showing*, upon the face of it, the capacity, in which he was subjected by the judgment ? This cannot be. The execution must *pursue* the judgment, whether it be against, or for, him. Upon the same principle, upon which the judgment must conform to the declaration, the execution must conform to the judgment. For, as the declaration is the foundation of the judgment ; so is the judgment the foundation of the execution. But, in the present instance, there is, between the two latter, a most material variance. For if any thing in the judgment, or execution, can be material ; surely, the *representative character*, in which *Minor* sued

*Hartford,*
June, 1818.

Palmer
*v.*
Palmer.

and recovered, must be so : since, upon the face of the record of his recovery, his right of action was only in that character. It cannot be denied, then, that this execution, which is sued out, in his *own* right, and imports to have issued upon a judgment, recovered by him, in the *same* right, varies, essentially, from the judgment. The judgment produced, as it appears, and must appear, to the court, is not that, upon which the execution issued. And as no other judgment is shown, to warrant the issuing of the execution ; the only conclusion is, that none such exists. How can the court know, that this execution *actually* issued, as the plaintiff claims, that it did, upon this judgment ? The legal inference is directly against such a supposition. And this inference cannot be ousted by evidence *aliunde.* If this is, in truth, the same judgment, upon which the execution was granted ; we still cannot take the fact to be so, upon averment. It must appear, *prima facie,* from inspection : for an execution follows, or emanates, from a judgment, as the latter does from the preceding part of the record, or, as a conclusion from its premises. According to this view of the subject, it is very manifest, that the execution, under which the plaintiff claims title, is unsupported by any judgment. The difference between the two *capacities,* in which *Minor* appears, in the judgment, and in the execution, is virtually a difference of *parties ;* and must produce the same legal effect as if the execution had issued in the name of a different *person.* I will add, merely, that if there has been a mistake, in issuing the execution, (as, in point of fact, is doubtless the case ;) there can be no difficulty in correcting it, by a proceeding, adapted to that end. But I am very clear, that the legal title is not, now, in the plaintiff.

The other Judges were of the same opinion, except CHAPMAN, J. who gave no opinion, having been absent when the case was argued.

New trial not to be granted.