Humphreys *v.* Humphreys.

---

HUMPHREYS *et al. v.* HUMPHREYS.

A special plea to an action on a delivery bond is good, which alleges that a judgment *in rem* had been rendered against particular property, and that instead of taking the property so held for the debt, the sheriff levied upon other property not affected by the judgment. As the levy was unauthorized and void, the sheriff had no authority to exact a delivery bond, and the obligors were under no legal restraint to replace the property in his possession.

Humphreys *v.* Humphreys.

A plea, in such an action, that the sheriff was not in attendance at the time and place designated for the delivery of the property, is not sufficient.

In such an action a plea is good, which alleges that the judgment was rendered under the valuation law, and that the sheriff did not, as required by that law, take to his assistance two disinterested persons, to estimate the value of the property levied upon.

ERROR, *to Muscatine District Court.*

*W. G. Woodward,* for the plaintiff in error. This is an action of debt on bond, by which the defendants below undertook to deliver to the plaintiff, (the sheriff,) certain property taken by the sheriff on execution, to be sold.

The defendant pleaded three pleas.

*1st Plea.* That the suit, on which the execution, by which this property was taken, issued, was a suit by attachment on personal property ; that the judgment was special, and that this was a *general* execution, and that the property attached had never been taken and disposed of.

We are not precluded from showing this illegality, by having given a delivery bond. Our property is about to be taken ; we must either give a bond, or permit the property to be taken,—perhaps at a serious damage : (notice one piece of this property, a *parlor organ*, which cannot be moved without detriment.)

We hold the following propositions : 1. When the proceeding is illegal or ineffectual, by operation of law, the party may show it in defence.

2. It was illegal to issue a general execution on a special judgment, and to levy on other property, leaving the attached property untaken.

1st Proposition. When the proceeding is illegal or ineffectual, by operation of law, the party may show it in defence. 13 Mass. 93. The following cases show defence upon this principle,—*Ray* v. *Hogeboom,* 11 John. 433.

It is a good defence to an action for an escape, that the prisoner was privileged from arrest. *Brown* v. *Littlefield,* 7 Wend. 454.

Held a good defence to action for *escape,* that prisoner was

not a lawful prisoner, for defect in process.   5 Wend. 113 ; *Russell* 'v. *Turner*, 7 John. 189 ; *Russell* v. *Champion*, 7 Wend. 462 ; 7 East. 405 ; *Champion* v. *Noyes*, 12 Mass. 488.

That such defence may be made, see *Atkinson* v. *Starbuck*, 7 Blackf. 420 ; Ohio Cond. 361 ; 1 Saund. Pl. and Ev. 484, 489 ; and for a very pointed and similar case in many points, see *Miller* v. *Ashton*, 7 Blackf. 29.

2d *Proposition.*   It was illegal to issue a *general execution*, on a *special judgment ;* 2 Scam. 24 ; and to take other property and leave that which was attached.

This execution issued irregularly in the strict sense, and irregular process is void.   A sale, even to an innocent purchaser, under irregular process is void.   1 Cow. 736 and seq. In ejectment, the party may show the want of a *venditioni exponas*, 1 Tidd.   108 ; 2 ib. 212.   A *venditioni exponas* issued irregularly, and the court allowed the objection to be taken collaterally, and held the purchaser acquired no title. *Burd* v. *Dousdale*, 2 Binn. 80 ; 3 John. 523.

When a levy is made upon land, and the *fi. fa.* is so returned ; if a second *fi. fa.* be issued before the first levy is disposed of, the second *fi. fa.* is void.   *Arnold* v. *Fuller*, 1 Ham. 458.

On the second branch, it was illegal to levy on other property, omitting that attached.   The judgment was special, *in rem.*   Therefore, if the process on which he took this property, or the proceeding in taking it was illegal, all is void. The officer had no right to take the property, and the bond is nugatory.

2d *Plea.*   The second plea is, that the sheriff did not attend at the time and place, to receive and sell the property.   As the plaintiff has demurred to our pleas, we will go back under his demurrer, and consider this matter both as under the demurrer and under our plea.   If the matter is available, it is good under a *plea ;* and if it ought to be *alleged*, then it is good on demurrer or in error, for then there is no *breach*. I am aware of the common doctrine in relation to promises

to pay money at a particular place; that it is not necessary, on the part of the payee, to allege a readiness at the place to receive. But is there not a distinction between contracts for the *payment of money*, and *for the delivery of property?*

In 2 Chit. Pl. 138, 105, in a form for not delivering wheat at a specified time, and at a particular place, there is an allegation of readiness *at the place* on the part of the *vendor.* So in 3 Chit. Pl. 187, for not delivering oats at a particular time and place. So in Oliver's Precedents, 97, for not delivering corn. Same, p. 102, for not delivering barley. So, p. 122, in note payable in — gallons of rum, at a place. In all these there is an allegation of presence and readiness *at the place* by the contractor.

But if there be no such distinction between contracts for payment of *money* and for delivery of *property*, yet between a contract to deliver *on a sale* and this contract, there surely is a difference. On a *sale*, a delivery, or a tender passes the property. Not so here. The obligor is an officer—he has a specific *duty*, but no interest—he is to *sell*, and on *that day*, and at that place. If he is not there, he cannot perform that duty. If he is not there, how can the property be delivered to the sheriff, there, at that time, to be sold?

And see the declaration. It is conditioned to deliver to *G. W. H.* sheriff, &c., *in front of the court-house door, to be sold.* Breach: Did not deliver to *G. W. H. to be sold.*

The *place* is not the gist, but the *person;* and if he was not there, how could we deliver; and if delivered, how could he sell? And is a party in this kind of case bound to have the property forthcoming, and *leave* it, in case the sheriff is not in attendance? See the *kind* of this property.

It is not like the case of a sale where the property would be left at the risk of the vendee.

This matter is certainly good as a plea, then, and perhaps on demurrer to the declaration. See Chit. on Con. 738, as to personal attendance of sheriff.

The 3*d Plea* is, that the judgment was under the appraisement law, and the officer did not cause the property to be

Humphreys *v.* Humphreys.

appraised.   I suppose, from the fact of the plea pleading the *judgment*, and there being no replication showing the time of the *contract*, that the time of the *judgment* governs as to the manner of sale.   For if the contract governed, and not the judgment, the plaintiff should have replied the time of the contract.   There are many cases in which the time of the *judgment* governs.   If, then, the case came under the valuation law, and the property ought to have been appraised, the sheriff could not sell *without* that appraisement,—his sale would be *void*.   A sale without appraisement, where the law requires one, is *void*.   1 Ham. 27; 3 ib. 190; *Curtis* v. *Doe*, Breese, 102.

If the sheriff could not sell, there was no utility or obligation to deliver the property, as the *only* object of delivering the property is *to sell under the law*, and the only right of the sheriff is as *an officer* under the law, for a specified object.

Another ground of demurrer to the declaration is, that it alleges that an action has accrued to recover " the amount of the Hoope's Execution."   And an error in the *judgment* is that which the declaration alleges as above stated; the judgment is for the *penalty*, and so the judgment is not supported by the declaration.   And more damage ($116) is given than is called for by the declaration—to wit, $95.40, Hoop's Execution.

*R. P. Lowe*, for the defendant.   The three pleas are special, admitting the execution of the bond, but setting up new matter in avoidance of defendant's liability—general demurrer to the same sustained.   Defendants below then make an agreement with plaintiff below, to submit the cause to the court on an inquiry of damages.   This is equivalent to a judgment by confession, and a consequent release of errors.

We claim that the defendants are estopped *in pais*, by the execution of the delivery bond, from raising any questions touching the legality or regularity of the execution under

31

which the levy was made. The act of signing and delivering the bond was a recognition not only of the levy, but the legality of the levy. There would be as little propriety in refusing assent to the latter as the former of these two propositions. A single instance cannot be found on record where in an action on a delivery bond, the defendants have been permitted to allege as a bar to the recovery, the errors or illegality of the proceedings in a former suit or under the execution, and the application of the authorities adduced on the other side upon this point, is distinctly denied. The correct practice, if the execution has improperly issued or been improperly levied, is, for the party aggrieved to move the court to set it aside, and not sanction the levy by giving bond for the delivery of the property, and then afterwards repudiate the levy. This practice offers aliment for litigation, multiplies lawsuits, and necessarily operates as a postponement of the rights of the parties; and we again say that it is without precedent. We again refer the court to 15 Ohio Reports, 445, commencing at the bottom of the page. It is the only reported case that can be found that bears upon the question.

The foregoing remarks apply to the third plea with equal force. The second plea is so obviously defective that it is not deemed worth while further to notice it.

Again, it may be remarked that a special plea, to be good in law, should set forth all the facts and circumstances necessary to constitute a complete bar to the recovery; in this respect the pleas under consideration are at fault. Suits by attachment are commenced as often by personal service as by notice; and in such cases the judgment is *in personam* as well as *in rem*, and under which a general execution could lawfully issue; such was the fact in this case. We contend that the pleader was bound to set out the character of the judgment, whether *in personam* or *in rem*, or both, so that the court could determine whether the facts pleaded amounted to a defence; again we say, the record alluded to in the pleas was the record of the court where this cause was

tried. The court was bound to notice the character of their own judgments and records when that character is involved in the pleadings of a cause, and in doing so in this case the court would discover that the facts set out in the pleas were not well pleaded. Under such circumstances, how can this court determine whether the court below erred or not in sustaining the demurrer? I will not recapitulate what was said at bar, but leave with confidence the case to the determination of this court.

*Opinion by* GREENE, J. An action of debt, on a delivery bond against Ansel Humphreys as principal, and Hastings and Woodward as sureties. The defendants below filed three special pleas to the plaintiff's declaration, essentially as follows: 1. That the original suit by *Hoopes* v. *Humphreys* was commenced by process of attachment, and a special judgment rendered against the property; that the property attached, and against which only judgment was rendered, had not been taken on execution or in any way disposed of to satisfy the judgment, and that the officer made a general levy upon entirely different property.

2. That the sheriff was not in attendance at the time and place designated for the delivery of the property.

3. That the judgment was rendered under the valuation law, and the sheriff did not, as required by that law, take to his assistance two disinterested persons to estimate the fair value of said property under oath.

To these several pleas the plaintiff below demurred. The court sustained the demurrer, and rendered judgment accordingly for the plaintiff.

Though another point is raised in the assignment of errors, it is only necessary for this court to review the action of the district court, in sustaining the demurrer to the several pleas. And first, as to the sufficiency of the first plea in constituting a good bar to the action. We can entertain no doubt, that the execution should have been issued, and the levy made, upon such property only as the writ of attachment and spe-

cial judgment affected; and that the proceedings of the officer in levying upon other and different property, was not authorized by law, and therefore void. It is not only necessary that the execution should pursue and be warranted by the judgment, *Palmer* v. *Palmer*, 2 Conn. 462, but it should be executed according to its special purport and authority, in order to render the proceedings under it valid. A general execution from a special judgment, cannot receive the sanction of law; and it would be equally irregular for a sheriff having already a lien and property in goods taken by a writ of attachment, to levy upon entirely different goods to satisfy an execution from the same attachment judgment.

The execution levy, as appears by the delivery bond, was made upon property, which, from feelings of attachment and convenience, a family would especially desire to retain in possession, and which, by removal, would be likely to receive considerable injury. To prevent the mortification and injury of the removal, Humphrey's only alternative was to give the bond and security required by the coercive garb of office. There is then no good ground for the pretence that the bond was freely and voluntarily given. It was exacted of the party without lawful consideration or even official justification, under the peril of losing the possession and use of his property. *United States* v. *Tingey*, 5 Peters, 114.

If conceded that the sheriff had no legal authority to receive and sell the property described in the delivery bond, does it not conclusively follow that the obligors were not by law required to place the property in his possession? It is well settled that a bond given to an officer for doing or omitting to do, an act which he has no legal authority to perform, is void. Besides the authorities referred to by plaintiff's counsel, see *Moore* v. *Allen*, 3 J. J. Marsh. 621. Some of the authorities referred to, show that it is equally well settled that whatever would render an arrest or a levy unlawful, may be given in answer, or in bar to an action against the bail or the execution defendant.

However desirable an explicit and full opinion may be,

Humphreys *v.* Humphreys.

upon the leading questions raised in a case, and especially during the early organization of our state judicature; we can see no necessity for saying much in relation to the second plea. Finding neither precedent, principle, nor reason, for the position that the mere absence of the sheriff at the time and place of delivering the property, should relieve the obligors from that liability; we must regard the plea as inadequate, though very plausibly sustained by the argument of plaintiff's counsel.

The third plea shows that the requirements of the valuation law, under which the judgment was rendered, were not carried out by the sheriff. An appraisement under that law was indispensable, and a sale without it would have been utterly void. To have complied with the fourth section of the valuation law, the sheriff, at the time of making the levy, and before advertising the sale, should have taken " to his assistance two disinterested persons having the qualifications of jurors," and after administering an oath, should have proceeded with them " to estimate the value of each article, or price of personal property levied on, at its fair value." Without having performed this duty, he had no right to advertise, and much less to sell the property; and having no right to sell, the obligation for the delivery of the goods at the particular time and place, to be sold in pursuance of said levy, was inoperative in law, and void.

We are of the opinion that the first and third pleas are sufficient in form, and ample in substance.

Judgment reversed.