### JOHN ANDERSON

*v.*

### A. J. GRAY.

*Filed at Mt. Vernon November 5, 1890.*

1. JURISDICTION—*of inferior courts—must appear.* The jurisdiction of inferior courts of limited jurisdiction must affirmatively appear in every case, for the reason that nothing will be presumed in its favor.

2. SAME—*of county courts—presumption.* County courts in this State, in the exercise of the common law jurisdiction conferred on them by statute, are entitled to the same presumptions in favor of their jurisdiction as circuit courts. They are courts of record, and have the same power to pass upon their own jurisdiction, and to exercise it, without setting forth in their proceedings the facts upon which they determine that jurisdiction.

3. SAME—*jurisdiction of the person—in county court—presumption.* The record of a judgment in the county court failed to show, affirmatively, service of process on the defendant, or his appearance : *Held,* that the judgment could not be considered void for want of jurisdiction of the person of the defendant, every reasonable presumption being in favor of the judgment.

4. EXECUTION SALE—*to be supported by a proper judgment.* It is essential to a sale of land under an execution, that the process shall have

a judgment of a court of competent jurisdiction on which to rest. If the execution issues without authority, it will be void. Therefore, it should show upon what judgment it is issued.

5. SAME—*judgment and execution — variance.* A variance between the Christian name of the nominal plaintiff in a judgment and in an execution issued thereon, and also as to the amount of the judgment, will not be fatal to a levy upon and sale of the debtor's land, if it appears from the whole record that the execution was in fact issued under the judgment.

6. In a cause docketed as *Jane* Mercer, for the use of G. W. Hacker, against Humble and Peterson, the plaintiff obtained judgment against Peterson alone, and the cause was continued as to Humble, for the want of service in time on him. At the next term of the court the record showed a judgment in the case of *James* Mercer, for the use of G. W. Hacker, against Humble, for the same debt and damages as in the judgment of the preceding term. There was a levy of an execution upon land, and a sale. The execution, certificate of purchase and sheriff's deed recited a judgment in favor of James Mercer, for the use, etc., and against both Humble and Peterson, at the last named term. The proof showed there was but one suit for the use of Hacker: *Held*, that while the proceedings were irregular, it was evident that the execution issued in the suit of *Jane* Mercer, and that the sheriff's sale and deed passed the title of Peterson in the land levied upon.

7. EJECTMENT—*outstanding title—by whom to be asserted—as to a mere trespasser.* A mere trespasser, who takes forcible possession of land without title, when sued in ejectment, will not be allowed to set up an outstanding title.

8. Where a purchaser of land takes possession under his deed, there being no one in possession at the time, the deed will be sufficient to protect his possession against a mere trespasser without title, regardless of the title of the vendor.

APPEAL from the Circuit Court of Johnson county; the Hon. ROBT. W. McCARTNEY, Judge, presiding.

Mr. WILLIAM A. SPANN, for the appellant:

The record fails to show a service on Peterson, or that the court had jurisdiction of his person.

There is a fatal variance between the record of the judgment and the execution thereon and the subsequent proceedings.

The plaintiff in ejectment must recover on the strength of his own title, and not on the weakness of his adversary's.

*Marshall* v. *Barr,* 35 Ill. 106 ; *Stuart* v. *Dutton,* 39 id. 91 ; *Hague* v. *Porter,* 45 id. 318 ; *Vallette* v. *Bennett,* 69 id. 632 ; *Cobb* v. *Lavalle,* 89 id. 331.

The defendant had the right to show an outstanding title in defense. *Jackson* v. *Morse,* 16 Johns. 197 ; *Hulick* v. *Scovil,* 4 Gilm. 159 ; *Doty* v. *Burdick,* 83 Ill. 473.

Mr. A. K. VICKERS, for the appellee :

The only objections available collaterally are such as go to the jurisdiction. *Rigg* v. *Cook,* 4 Gilm. 336.

The county court is a court of general jurisdiction, and presumptions will be made in favor of such jurisdiction. Freeman on Judgments, sec. 122 ; *Ex parte Watkins,* 3 Pet. 193 ; *Propst* v. *Meadows,* 13 Ill. 157 ; *Von Kettler* v. *Johnson,* 57 id. 109 ; *People* v. *Lott,* 36 id. 451.

Secondary evidence is proper to show the contents of a lost execution. *Dunlap* v. *Berry,* 4 Scam. 327 ; *Ellis* v. *Huff,* 29 Ill. 449 ; *Becker* v. *Quigg,* 54 id. 390.

The sheriff's deed is *prima facie* evidence of the existence and regularity of the execution. Rev. Stat. chap. 77, sec. 33 ; *Keith* v. *Keith,* 104 Ill. 397 ; Rorer on Judicial Sales, secs. 803, 804.

A variance is immaterial if enough appears to show that the execution was issued upon this judgment. It is simply a question of identity. *Phillips* v. *Coffee,* 17 Ill. 157 ; *Loomis* v. *Riley,* 24 id. 307 ; *Hayes* v. *Bernard,* 38 id. 303.

When the court has jurisdiction of the subject matter and the parties, proceedings will not be questioned collaterally. *Buckmaster* v. *Ryder,* 12 Ill. 207 ; *Lane* v. *Bommelman,* 17 id. 95 ; *Durham* v. *Heaton,* 28 id. 264 ; *Mulford* v. *Stalzenbach,* 46 id. 303 ; *Feaster* v. *Fleming,* 56 id. 457 ; *Rockwell* v. *Jones,* 21 id. 279.

The defendant in execution is estopped from disputing the purchaser's title, or of setting up an outstanding title in a

third party. *Hayes* v. *Bernard,* 38 Ill. 297; *Gould* v. *Hendrickson,* 96 id. 600; *Ferguson* v. *Miles,* 3 Gilm. 358.

Plaintiff's deed, with proof of possession taken under claim of title, was sufficient to entitle him to recover, unless a better judgment title was shown. *Barger* v. *Hobbs,* 67 Ill. 592; *Mason* v. *Park,* 3 Scam. 532.

A mere trespasser can not show an outstanding title in another. *Jackson* v. *Harder,* 4 Johns. 203; *Davis* v. *Easley,* 13 Ill. 200; *Hardin* v. *Forsyth,* 99 id. 312.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

This was an action of ejectment, by appellee, against appellant, to the April term, 1882, of the Johnson circuit court, to recover possession of the south half of the north-west quarter of section 15, township 12, range 3 east, in said county. Three judgments have been rendered,—the first in favor of plaintiff, and the second in favor of defendant, each taking a new trial under the statute. At the April term, 1889, the present judgment was rendered in favor of plaintiff, and defendant appeals.

Both parties proved title in one Owen G. Peterson. Plaintiff claims title from him through a sheriff's sale to George W. Hacker, and deed from said Hacker to himself. To sustain the sheriff's sale he offered in evidence, first, the record of a judgment in the county court of said Johnson county, rendered at the June term, 1873, the title of the case, as shown by the record, being, "Jane Mercer, for the use of G. W. Hacker, *vs.* R. M. Humble and Owen G. Peterson, Def'ts." The judgment was by default, against Owen G. Peterson alone, for $18.64 damages and $84.80 debt, total amount $103.44, and costs. It is recited in that judgment that the cause is to "stand continued until the next term of this court as to R. M. Humble, one of the defendants, service not being had in time for the present term of this court." He next offered a record of a judgment of the same court, rendered at the July term, 1873,

the title of the case being, James Mercer, for the use of G. W. Hacker, against the same defendants.—Debt. This judgment is against R. M. Humble, for the same amount of damages and debt named in the former judgment. He then offered a certificate of purchase for the lands in suit, to said G. W. Hacker, by the sheriff of said county, in which it is stated that the sale was made by virtue of an execution in favor of *James* Mercer, for the use of George W. Hacker, and against R. M. Humble and Owen G. Peterson, for $129.15, debt and interest and costs. Also, a sheriff's deed dated March 15, 1875, to said Hacker, which recites : "Whereas, *James* Mercer, for the use of George W. Hacker, did, at the July term, 1873, of the county court of the county of Johnson, recover a judgment against R. W. Humble and Owen G. Peterson for the sum of $103.45 and costs of suit, upon which judgment an execution was issued," etc., reciting levy and sale thereunder. The amended bill of exceptions shows that he also offered in evidence a deed from said Hacker to himself.

Neither of the records of said judgments in the county court shows affirmatively that the court had jurisdiction of the persons of the defendants when the judgments were rendered, and it is insisted on behalf of appellant that for that reason the judgments are void. County courts in this State, in the exercise of the common law jurisdiction conferred upon them by statute, are entitled to the same presumption in favor of their jurisdiction as circuit courts. They are courts of record. The practice in them is the same as in the circuit courts. They have the same power to pass upon their own jurisdiction, and to exercise it, without setting forth in their proceedings the facts upon which they determine that jurisdiction. . These characteristics distinguish them from courts of inferior, limited jurisdiction, in which jurisdiction in every case must affirmatively appear. (*Guynon et al.* v. *Astor et al.* 2 How. 125 ; *Fox* v. *Hoyt*, 12 Conn. 491 ; 31 Am. Dec. 763 ; Freeman on Judgments, sec. 122 ; 4 Am. and Eng. Ency. of Law, p. 453, and

cases cited.) The judgments are not void for want of juris-diction of the person.

The original papers, including the execution on which the sale was made, were shown upon the trial to have been lost. Manifestly, the execution, as shown by the certificate of purchase and sheriff's deed, did not correctly describe either of the judgments offered in evidence, and appellant insists that the variance is fatal. Freeman, in his work on Executions, (sec. 43,) says: "There is a great distinction between executions issued without authority and executions issued under an authority which is erroneously pursued. * * * The former class is void; the latter may be termed irregular or erroneous. It is necessary that an execution have a judgment to support it, and it should appear from the execution what judgment is intended to be enforced. * * * When the execution is offered in evidence it may vary from the judgment in some respects and correspond with it in others. The question then before the court, is, did this *execution* issue on this *judgment?* If, from the whole writ, taken in connection with other facts, the court feels assured that the execution offered in evidence was intended, issued and enforced as an execution upon the judgment shown to the court, then we apprehend that the writ ought to be received and respected." *Phillips et al.* v. *Coffee,* 17 Ill. 157; *Hayes* v. *Bernard,* 38 id. 297.

That there was great irregularity in the proceedings under which the judgments offered in evidence were rendered must be admitted. The evidence clearly shows that there was, in fact, but one suit for the use of George W. Hacker against Peterson and Humble, in that court, on which these two judgments were obtained. The witnesses all speak of the lost papers as "in the case of Jane Mercer, for the use of George W. Hacker, *vs.* O. G. Peterson and R. M. Humble." It is not pretended that there was such a suit as "*James* Mercer, for the use," etc., pending at the July term of said court. No such papers were lost. It is clear, therefore, that in the suit of

Jane Mercer to the June term, both these judgments were entered; that service on Humble not being in time for that term, the plaintiff erroneously took judgment against Peterson, and continued the case as to Humble to the next term, when judgment was entered against him for the same damages and debt, the attempt being, in that way, to make him a party to the judgment. Notwithstanding the manifest error in entering these judgments, the one against Peterson was not void, and we entertain no doubt, from all the facts in evidence, that the execution under which the sale was made was intended to enforce that judgment. We are therefore of the opinion that by the sheriff's deed to Hacker, Peterson was divested of his title to the premises in question.

It is also shown by the plaintiff below, and not denied by the defendant, that when plaintiff got his deed from Hacker, Peterson was not occupying the premises, though he had previously done so. Plaintiff took possession under his deed, and occupied the premises, by· his tenants, for some two years, when the defendant went upon the same and forcibly took possession. So far as the record discloses, he then had no title whatever to the lands. Plaintiff's deed from Hacker was sufficient to protect his possession against a trespasser without title, regardless of the validity of the sheriff's sale to Hacker. (*Barger* v, *Hobbs*, 67 Ill. 592.) Being, at the time he took possession, a trespasser without title, appellant could not set up an outstanding title in another. (*Jackson* v. *Harder*, 4 Johns. 203.) This rule is recognized in *Hardin* v. *Forsythe*, 99 Ill. 312.

Something is said about his having entered under claim of a tax title. There is not the slightest proof of such a title, or even a pretense that the land had at any time been sold for taxes. He does not himself claim that he had title when he took down the fence, drove over the occupant's growing crops, and forced the house open, in which he put his tenant. It appears that in 1884, long after this suit was brought and after it had been once tried, Peterson, then in Texas, executed

to appellant a quitclaim deed. There is no evidence whatever that prior to that time, Peterson, directly or indirectly, set up any claim to these lands, or made any objections to the proceedings under which they were sold. Appellant now seeks to justify his possession under that deed. The court below very properly held that he could not do so.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*