WALTER E. CAMPBELL *vs.* SAMUEL J. KLAHR ET AL.

Third Judicial District, New Haven, January Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

226

Argued January 22d—decided March 31st, 1930.

*Harry Schwartz,* for the appellant (plaintiff).

*Joseph G. Shapiro,* with whom, on the brief, were *Harry Allison Goldstein* and *Charles S. Brody,* for the appellees (defendants).

MALTBIE, J. The defendant Klahr secured a judgment for damages by reason of an assault committed upon him by the plaintiff. Klahr took out execution upon the judgment, which directed any proper officer to levy it upon the goods, chattels or land of the plaintiff or for want thereof upon his body. This execution was delivered to the defendant Elson, a sheriff of the city of Bridgeport. He made diligent search for property of the plaintiff but finding none was threatening to arrest the body of the plaintiff when he was restrained by a temporary injunction in this action. The trial court on the trial having given judgment for the defendant, the plaintiff brings this appeal.

The sole question at issue is, whether or not in the present state of our statutes an execution may be served upon the body of a defendant in a tort action of this nature. As the law stood previous to 1917 an execution might, where personal estate sufficient to satisfy the debt and charges could not be found and

the creditor would not agree to take debtor's land, be levied upon the body of a judgment debtor, unless exempt by law from imprisonment upon execution. General Statutes, Rev. 1902, § 918. The body of a debtor was exempt in actions founded on contract merely, express or implied, except in those founded on a promise to marry, or misconduct or neglect in any office or professional employment, or in actions instituted against a public officer, trustee, or a person acting in a fiduciary capacity, and also from execution for costs in actions for summary process. General Statutes, Rev. 1902, § 920. It is true that when originally enacted this statute exempted the body from arrest upon process, mesne or final, "founded upon contract," with exceptions as to certain actions corresponding to those found in the statute of 1902; but there can be no doubt that the revisers truly expressed the legislative will, when in 1849 they made the quoted clause read "in an action founded on contract." Public Acts of 1842, May Session, Chap. 23; Rev. 1849, p. 104, § 194.

Previous to 1917, where real or personal property was wanting, attachments of the body were authorized in all complaints containing a money demand, provided the body was not exempt from imprisonment upon execution; General Statutes, 1902, § 826; and in certain actions for fraud or the fraudulent concealment of property from legal process, attachment and execution against the body were expressly authorized, "to be proceeded with in all respects as in actions founded upon a tort." General Statutes, 1902, § 1099. In 1917 a law was passed in these terms: "The body of the defendant in any action founded on tort, except as provided in section 1099 of the General Statutes, shall not be liable to attachment or imprisonment except upon execution issued in such action." Public Acts of 1917, Chap. 295. The effect of this Act was to do away with

attachments of the body except in tort actions brought under the section of the General Statutes referred to in it, § 6142 of the present Revision. Consequently, when the Revision of 1918 was prepared, the provisions of Chapter 295 of the Public Acts of 1917 were incorporated in substance in the section giving general authority for attachments (General Statutes, 1902, § 826), and that section was made to read: "Attachments may be granted upon all complaints containing a money demand against the estate of the defendant, both real and personal, and for want thereof against his body; *provided*, no attachment shall be granted against the body in any tort action unless it shall be within the provisions of § 6142, nor in any action unless execution against the body may issue therein, nor unless each cause of action in the complaint be such that execution may issue against the body of the defendant upon a judgment founded thereon." General Statutes, Rev. 1918, § 5861. This limits attachments of the body in tort actions to those brought under the provisions of § 6142 of the General Statutes and in contract actions to those specified in § 920 of the Revision of 1902, § 5956 of the present Revision. But the law as to the levy of execution upon the body remained unchanged.

The plaintiff is in error in arguing that an execution is corollary to an attachment and should not lie where an attachment cannot be had. The latter as ordinarily used is a means of sequestering property or person at the beginning of an action or during its course to answer the judgment, but an execution is not limited to that which is attached and may exist where an attachment cannot be made either because nothing can be found which can be seized or because an attachment in a particular action is not permitted by law; witness the situation in those States where attachments are

only allowed in special circumstances. If either can be said to be corollary to the other, it is the attachment which is corollary to the execution. An execution can still be levied upon the body, where personal estate sufficient to satisfy the judgment cannot be found and the judgment creditor is not willing to accept the land of the judgment debtor, unless the body is exempt by law. Revision of 1918, §§ 5937, 5954. It is not exempt from execution in ordinary tort actions. If such a proceeding is at variance with modern conceptions of right and justice, as the appellant argues, the remedy is by resort to the legislature to secure a change in existing law.

There is no error.

In this opinion the other judges concurred.