EDWIN D. SIBLEY vs. CELIA KRAUSKOPF.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued January 3d—decided February 6th, 1934.

*Charles S. Hamilton,* for the appellant (plaintiff).

*George W. Crawford,* for the appellee (defendant).

HINMAN, J. In 1925 Celia Krauskopf, the present defendant, and Sarah Wool by writ and complaint the allegations of which will be stated later, brought to the Court of Common Pleas for New Haven County a civil action against the present plaintiff and Emma B. Sibley, his wife. On December 5th, 1930, a judgment was rendered in that action (*Munger, J.*) against Sibley in favor of the plaintiffs therein for $960.75

and costs. Subsequently application was made to the clerk for a body execution on this judgment but the clerk declined to issue it without an order of court. Thereupon the plaintiffs placed a motion on the short calendar for a body execution which motion was granted (*Pickett, J.*) and on February 18th, 1931, the clerk issued an execution under which a deputy sheriff, in default of any attachable property of Sibley, arrested his body, and he was taken to the county jail where he remained in confinement until he entered into a jail liberties bond which was the subject of an action for breach thereof. *Geddes* v. *Sibley*, 116 Conn. 22, 163 Atl. 596. In January, 1933, the present action was brought, the complaint alleging that, for reasons therein set forth and which in essence are the same as the grounds of appeal hereinafter stated and discussed, the execution under which the plaintiff was imprisoned was void. Upon the trial the court reached conclusions adverse to these contentions and rendered judgment for the defendant. Eighteen of the twenty-three assignments of error pertain to these conclusions but, to adopt a figurative process suggested by the appellant as being applicable to the complaint in the original action but which we regard as more appropriate to these assignments, there "can be distilled from this fermentation of words" two basic claims: First, that the allegations and prayers for relief of that complaint and the judgment rendered thereon were insufficient to support a body execution, and, second, that the execution itself was fatally defective and void in that it was issued in the name of one of the plaintiffs in that action instead of both.

More specifically, the first claim is that the complaint did not sound in tort but set forth only a cause of action in contract; that consequently the judgment can be regarded as one for damages in contract only

and therefore could not warrant an execution running against the body of the defendant. The allegations of the complaint in the original action may be summarized as follows: The plaintiffs therein, Celia Krauskopf and Sarah Wool (hereinafter referred to respectively as Krauskopf and Wool) are sisters. In January, 1922, Wool requested Sibley to procure for her a loan of $880 and, to aid him in obtaining it through a bank in New Haven, Krauskopf at the request of Wool executed an assignment of a mortgage from Jennie F. Shepard to her for $1100 and endorsed in blank the note secured thereby and delivered the same, through Wool, to Sibley to be used by him as collateral security for the loan. Since that assignment Wool acquired and owns an interest in said mortgage note. On January 10th, 1922, Sibley borrowed $880 on his personal note and as collateral security assigned to the bank his right, title and interest in and to the note and mortgage. Thereafter, from time to time, when the note and renewals thereof matured at the bank, Wool, at the request of Sibley, made payments to him to be applied by him in reduction of the debt owing to the bank on account of the loan and interest thereon.

On June 9th, 1925, Sibley, without the knowledge of either plaintiff, procured from the bank a reassignment to him of the note and mortgage and "for the purpose of defrauding and cheating the plaintiffs" agreed with the mortgagor, Shepard, to, and did, accept $775 from her in full settlement of the mortgage debt upon which there was an unpaid balance of principal and interest amounting to $939.66, and released and canceled the mortgage and note. Sibley never notified either plaintiff of this action and "has wrongfully appropriated to his own use the sum of $724.56 of the funds and property of the plaintiffs." Demand

was made for the proceeds so "wrongfully appropriated by him to his own use" but payment was refused.

The complaint also alleged that Sibley at and after the time of the transaction in January, 1922, was the owner of real estate but prior to June 9th, 1925, transferred it to his wife without consideration. The prayers for relief were for (1) an accounting of all funds received and disbursed by Sibley for or on account of Wool; (2) damages; (3) that the transfer of the real estate of the defendant to his wife be declared void.

The judgment, which was dated December 4th, 1930, stated that the court "finds that there is no evidence in support of the third prayer for relief, there being no evidence of a fraudulent conveyance" and "that there is no necessity for an accounting;" but "finds the issues in favor of the plaintiff under the second prayer for relief" and adjudges "that the plaintiffs recover of the defendant Sibley $960.75 damages and their costs."

The plaintiffs, properly, set forth in their complaint a recital of the facts comprising the entire transaction with and by the defendant, as they claimed them to be. Those allegations, as a whole, should be construed as constituting two, perhaps three, causes of action, with prayer for relief appropriate to each: one for an accounting for the payments made by Wool to Sibley to be by him applied on account of the loan from the bank, another for damages for conversion through the settlement and discharge by Sibley of the Shepard note and mortgage and appropriation of the proceeds, and, ancillary to these, an attack, as fraudulent, upon the transfer of Sibley's real estate to his wife. Any misjoinder involved was waived by failure to object seasonably and in the manner provided by rule. Practice Book, p. 293, § 209; *Maisenbacker* v.

*Society Concordia,* 71 Conn. 369, 376, 42 Atl. 67. It plainly appears from the judgment-file that the trial court found for the defendant upon the first and third causes of action and against him on the second, and this is conclusively confirmed by the memorandum of decision, which may be resorted to for the purpose of interpreting the judgment findings (*Brown* v. *Cray,* 88 Conn. 141, 144, 89 Atl. 1123), also that the second was treated as counting on a conversion of the Shepard note and mortgage. The pertinent allegations of the complaint were clearly to the effect that the defendant, having dominion over this property for the limited purpose of using it as collateral security for the loan for the benefit of Wool, by compromising and collecting the principal and appropriating the proceeds to his own use assumed and exercised an unauthorized and unlawful right of ownership, to the exclusion of the owners' rights. This would constitute a conversion. *Gilbert* v. *Walker,* 64 Conn. 390, 394, 30 Atl. 132; *First National Bank* v. *Broder,* 107 Conn. 574, 582, 141 Atl. 861. Execution leviable upon the body is allowable upon a judgment for conversion. *Campbell* v. *Klahr,* 111 Conn. 225, 149 Atl. 770.

The appellant also asserts that as it is alleged that Krauskopf was originally the sole owner of the Shepard note and mortgage, although it is alleged that Wool afterward acquired an interest therein, the complaint failed to set forth a joint cause of action in tort in favor of both Krauskopf and Wool because it was not specifically stated that the latter obtained her interest before the claimed conversion. However, the joint judgment rendered necessarily imports a finding that the joint ownership was established, on the trial, to have existed at the time of the conversion.

The second major claim is that as the judgment was joint but the execution named Krauskopf, only, as

plaintiff and judgment creditor, this variance from the judgment-file rendered the execution void. The contention is that in order that an execution derive the necessary support and validity from the judgment upon which it is founded it must comply and correspond with the judgment-file "specifically and in every detail." That an execution must conform to the judgment upon which it is predicated is undoubtedly correct as a general statement of principle. *Mallory* v. *Hartman*, 86 Conn. 615, 618, 86 Atl. 567. Especially in early cases, executions have been held void because of variance from the underlying judgment in respects regarded as material. In *Palmer* v. *Palmer*, 2 Conn. 462, where execution in favor of a party in his private capacity was issued on a judgment in his favor as administrator, the variance was held so material as to invalidate the levy. In *Cutler* v. *Wadsworth*, 7 Conn. 6, an execution was held void in that it counted on a judgment of the Superior Court held on the fourth Tuesday of February, 1827, whereas it was rendered on February 17th, ten days before the fourth Tuesday and at a term commencing on the second Tuesday of February.

It has been ruled that execution upon a joint judgment against two or more defendants must name all of them. *Woodcock* v. *Bennet*, 1 Cow. (N. Y.) 711; *Tanner* v. *Grant*, 73 Ky. 362; *Merrifield* v. *Western C. P. & O. Co.*, 238 Ill. 526, 87 N. E. 379. In *Cleveland* v. *Simpson*, 77 Tex. 96, 13 S. W. 851, an execution in the name of W. D. Cleveland as judgment creditor was held not authorized by a judgment in favor of Cleveland and another comprising the firm of W. D. Cleveland and Company. However, it was recognized in this State as early as *Huntington* v. *Winchell*, 8 Conn. 45, 47, that justice as well as general convenience demands "the court to be astute in their

endeavors to sustain a levy against an exception extremely minute and trivial," and it has come to be overwhelmingly regarded as the better rule that substance should be considered as of more importance than form in matters of variance of the execution from the judgment which it is issued to enforce, and that the real question is one of identity. "If the execution varies or departs so materially from the judgment as to render the . . . connection uncertain or doubtful it is void," but "if from the face of the writ it sufficiently appears that the execution issued to enforce the judgment rendered . . . this is all that is required, and any variance from the judgment becomes immaterial and should be disregarded." Alderson, Judicial Writs and Process, p. 102. The chief object of describing the judgment in the execution is to refer the officer and others to the authority for its issuance, and if the recitals are sufficient to identify the judgment and it is shown to be intended, issued and enforced as an execution upon that judgment, it is not void even though there be variances—as in the names of parties. 1 Freeman, Executions (3d Ed.) § 43, p. 199; *Anderson* v. *Gray*, 134 Ill. 550, 25 N. E. 843; *Currier* v. *Bartlett*, 122 Mass. 133; 10 R. C. L., "Executions," § 24; 23 C. J. 411. This view is consonant with our modern rules and principles of practice.

The finding in the instant case is that the motion was made by "the plaintiffs" and the memorandum of decision on the motion (made part of the finding) shows that "their" right to a body execution—depending upon the construction to be placed on the complaint as sounding in contract or tort—was discussed and decided, and it was ordered that the body execution issue. It is obvious that the failure to specify Wool as well as Krauskopf as a party plaintiff was a clerical error in the drafting of the execution so

ordered to be issued. The execution sets forth correctly the name of the party who, the record shows, was the named plaintiff, throughout, in the action, the defendant and judgment debtor, the court in which the judgment was rendered, and the date and amount thereof. The only omission is of the name of the additional plaintiff. Manifestly, the recitals are ample to identify conclusively the judgment to which the execution relates. Especially as it does not appear from the judgment, read in the light of the record, that the interests of the plaintiffs are several, satisfaction of it obtained through levy of the execution would discharge it and preclude the other plaintiff —Wool—from also enforcing payment by the defendant upon the same judgment. Freeman, Judgments (5th Ed.) §§ 100, 1112; 3 Freeman, Executions (3d Ed.) § 442. We hold, therefore, that the execution was not invalidated by the omission. ,

As to the rulings on evidence, the propriety of resort to the memoranda of decision has already been indicated and the exclusion of evidence claimed to be pertinent to the amount of the present plaintiff's damages was of no moment inasmuch as the judgment was for the defendant.

There is no error.

In this opinion the other judges concurred.