MONROE DERR *v.* LLOYD S. MOODY ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CV 12-6802-1141

Argued March 24—decided April 25, 1969

*Robert B. Basine,* of Hartford, for the appellant (named defendant).

*Thomas P. Kane,* of Glastonbury, for the appellee (plaintiff).

DEARINGTON, J. The plaintiff alleged under his bill of particulars that he, together with William Fink, supplied labor and materials in the erection of house foundations on three lots pursuant to an agreement with the defendants whereby the defendants were to pay the plaintiff the sum of $1516, and that the defendants have failed to pay this indebtedness. The defendant Lloyd S. Moody answered by way of a general denial and in a special defense claimed that the contract was made, not with the defendants, but with Superior Paving Company, a corporation of which Moody is a director. A judgment having been rendered for the plaintiff, the defendant Lloyd S. Moody has appealed. In his appeal, he assigns error in the court's conclusions. Since he is the real party in interest, he will hereinafter be referred to as the defendant.

The bill of particulars would appear to set forth an express contract, since it alleged an agreement for certain services to be performed for a sum agreed on by the parties. The case appears, however, to have been tried on the theory of an implied contract. Ordinarily, a true implied contract can only exist where there is no express one. *Collins* v. *Lewis*, 111 Conn. 299, 304. The court concluded that an implied contract came into existence between the plaintiff and the defendant. The records show that the defendant contested the case on its merits without any objection or protest on the ground of any material variance. His contention in this respect is that the finding merely supports an action in quantum meruit and does not support an implied contract. For waiver of material variance, see Practice Book § 134, and cases cited; *Booth* v. *Booth & Bayliss Commercial School, Inc.*, 120 Conn. 221, 230.

The facts found disclose the following: The plaintiff and William Fink, a partnership, constructed certain foundation work for the defendant.

The defendant was engaged in the business of building residential homes. The plaintiff and Fink had at one time been employed by the Superior Paving Company, the latter company having previously done some work for the defendant. During the time in question, however, neither the plaintiff nor Fink was employed by the Superior Paving Company. A short time previously, the paving company had done some work for the defendant, but at the time in question the company and the defendant were in disagreement and as a result the company had refused to do the work in question. At no time had the defendant objected to the services rendered by the plaintiff. After the work was completed and the parties met for payment, the defendant made a demand for a setoff or adjustment for alleged defective work performed by the Superior Paving Company. At all times during the work performed by the plaintiff and Fink, the defendant knew that they were doing the work. The defendant accepted their services and availed himself of the resulting benefit. The defendant and Fink had entered into an arrangement subsequent to the dispute here involved which included the use of equipment and which was beneficial to Fink. During the course of the work, the defendant promised to pay the plaintiff for the work within a few days after demand for payment. The defendant has never disputed the amount of the bill but disputes the one to whom the amount is due.

The court concluded as follows: An implied contract had come into operation for the work in question and no contractual relationship existed between the defendant and the Superior Paving Company for the work, and, further, the Superior Paving Company was not a party to the action. The plaintiff had undertaken the work under a partnership agreement with Fink. Fink made no claim because

other considerations had been made for his benefit by the defendant. After the work was completed, the defendant asked the plaintiff for a bill. The amount due is not in dispute, and the plaintiff is entitled to recover, having sustained his burden of proof.

The defendant, in both brief and argument, has asked us to consider facts not appearing in the finding. If this procedure were proper, it would result in this court's making a finding independent of that made by the trial court. This we cannot do. If the finding as made lacked certain matters claimed to be essential, the defendant's remedy was to move to add such material and, if the motion was denied, to assign error in the denial, thus affording this court an opportunity to review such evidence as might be found to be relevant and material. It must be borne in mind, however, that facts are not admitted or undisputed merely because they are not contradicted; *National Broadcasting Co.* v. *Rose,* 153 Conn. 219, 223; and the question of credibility is for the trier. Ibid. Furthermore, facts implicit in the finding as made will not be added. *Broderick* v. *Shea,* 143 Conn. 590, 591. Moreover, a finding will not be corrected by adding facts which will not affect the result. *State* v. *Loughlin,* 149 Conn. 21, 23.

The defendant first contends that the finding merely supports a conclusion entitling recovery for services in quantum meruit. He concedes that the court properly found that the defendant did not object to the services rendered by the plaintiff, that the defendant accepted the benefits thereof, and, further, that he promised to pay the plaintiff after demand was made. Literally translated, the phrase "quantum meruit" means "as much as he deserved." "Quantum meruit" is a liability on a contract implied by law. *Wyche* v. *Perrin,* 228 S.W.2d 330, 334 (Tex. Civ. App.). It is premised on the finding of

an implied promise to pay the plaintiff as much as he reasonably deserves, and it is concerned with the amount of damages resulting from an implied promise by the defendant to pay. *Pellegrino* v. *Almasian,* 10 App. Div. 2d 507, 509 (N.Y.).

"The expression 'implied contract,' is perhaps open to objection in that it seems to admit that an entire contract in all its parts may be implied. The parties to a contract can never be implied, nor the subject-matter, nor the consideration. These must be shown. But the promise which is necessary to complete a contract may be implied. Thus in 1 Swift's Digest at page 182, it is said:— 'The term *implied contract* is generally used to denote a promise which the law, from the existence of certain facts, presumes that a party has made.'" *Davis* v. *Seymour,* 59 Conn. 531, 533. "A true implied contract . . . is one which is inferred from the conduct of the parties though not expressed in words." *Collins* v. *Lewis,* 111 Conn. 299, 304. We are satisfied that the court was warranted in concluding, on the facts found, that an implied contract had come into existence.

The defendant further assigns error in that the court found that the work was performed by the plaintiff and Fink as partners. The action was brought by the plaintiff individually and not in the names of the partners and, thus, the defendant claims that the court erroneously concluded that a separate and several contract existed contrary to the law governing partnership relations. It is true that as a general rule a partnership obligation is joint and not joint and several,[1] and it necessarily follows,

[1] "Sec. 34-53. LIABILITY OF PARTNERS. All partners are liable (a) Jointly and severally for everything chargeable to the partnership under sections 34-51 and 34-52. (b) Jointly for all other debts and obligations of the partnership; but any partner may enter into a separate obligation to perform a partnership contract."

both at common law and in most jurisdictions, that all partners must be joined as parties plaintiff in an action on the partnership obligations. The prevailing rule is that nonjoinder of parties is objectionable, but objection must be made before the general issue is pleaded. 40 Am. Jur., Partnership, § 432. Matters of defense like misjoinder or nonjoinder are to be taken advantage of by pleadings. *King* v. *Malone,* 91 Conn. 342, 345. There is nothing in the defendant's pleadings which raises a question relating to nonjoinder of a party plaintiff, nor does it appear that this question was raised during the trial. If we assume, without deciding, that nonjoinder could have been successfully pleaded, "it does not follow that objection will be available, after a trial on the merits, and a failure to take advantage of it in anyway, by plea or demurrer." *Loomis* v. *Hollister,* 75 Conn. 275, 278; see *Cogswell* v. *Second National Bank,* 76 Conn. 252, 262; 39 Am. Jur., Parties, § 112. The defendant, by his answer and special defense and by going to trial on the merits, waived any question as to the capacity or right of the plaintiff to sue. *Thibault* v. *Frechette,* 135 Conn. 170, 172; *Sibley* v. *Krauskopf,* 118 Conn. 158, 162; *Lewis* v. *Scoville,* 94 Conn. 79, 85. We are not called on to consider the question raised by the defendant that recovery by the plaintiff individually would subject him, the defendant, to a further action on the same matter by Fink. It was admitted in brief and argument that Fink appeared as a witness for the defendant and was thus aware of the nature of the proceedings. See 28 Am. Jur. 2d, Estoppel and Waiver, § 53.

There is no error.

In this opinion DiCENZO and JACOBS, Js., concurred.