[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action arises out of an agreement between plaintiff Cambridge Consulting Group, Inc., (Cambridge) and defendants Cadema Corp. (Cadema) and Roger D. Bensen (Bensen) Chairman of the Board of Directors and Shareholders of Cadema. The agreement related to Cadema's desire to purchase or be purchased, merge or consolidate with another company.
Count one sounds in breach of contract in that it alleges that Cambridge found a corporation Mech-EI, for Cadema to purchase, but Cadema refused to pay the agreed fee. (Breach of contract) Count two sounds in breach of contract in that it alleges that at defendant's request, plaintiff located two other companies suitable for conglomeration. Plaintiff negotiated and concluded agreements in principle on defendants' behalf to acquire both Hybond, Inc. (Hybond) and Semi Conductor Equipment Corp. (Semi Conductor). Under the contract, the plaintiff alleged it has earned $300,000. (Breach of contract) Count three sounds in quantum meruit in that it alleges that as a result of defendants' refusal to proceed with the Hybond and Semi Conductor transaction, plaintiff has been damaged in that it lost the opportunity for further compensation and expended substantial time, effort and money for which it has not been compensated. (Quantum meruit). Count four sounds in quantum meruit in that plaintiff alleges that it expended substantial time, effort and money in searching for a corporation or realty that would be interested in purchasing Cadema Medical, Inc. and or the conglomeration plaintiff was attempting to assemble for Cadema Corp. As a result of defendants' refusal to proceed with the contract, plaintiff has been damaged approximately $55,000. (quantum meruit) Count five alleges plaintiff was damaged by defendants' refusal to complete the Mech-EI, Hybond and Semi Conductor transactions in violation of CUTPA.
Defendants argue that counts one through five fail to state claims upon which relief maybe granted and therefore, should be stricken.
COUNTS ONE AND TWO
Counts one and two purport to allege breach of contract. Defendants argue that counts one and two do not allege facts showing plaintiff's entitlement to be paid under the contract. Defendants argue that "[p]laintiff has alleged conditions precedent to defendants' obligation to pay under the contract but it fails to state facts showing satisfaction of those CT Page 334 conditions precedent." Defendants argue that according to the contract, compensation is payable for 25% of the scheduled compensation at the time of signing of a letter of intent between Cadema and the buyer, seller or merger candidate. Defendants argue that the complaint alleges that Mech-EI signed the letter of intent but that the defendant never signed the letter. Similarly, defendants argue count two is defective because nowhere in count two does plaintiff allege that there is a signed agreement between Cadema and Hybond or Semi Conductor. Therefore, defendants conclude that count one and two fail to allege the existence of facts upon which relief could be granted on the asserted breach of contract theory.
Plaintiff argues that defendants authorized it to present to Mech-EI a letter of intent and that the letter was signed and approved by Mech-EI. The plaintiff argues that the letter was signed by defendants before it was sent to Mech-EI and that the only question is whether the complaint must allege this undisputed fact. The plaintiff argues that facts necessarily implied by the pleadings need not be expressly alleged in the complaint and concludes that the complaint sets forth sufficient facts to apprise defendants of the claims against them and defendants' motion to strike should be denied as to counts one and two.
"The general allegation of performance in the complaint protects it from demurrer on the ground that the plaintiff failed to comply with one of the conditions of the contract," Northrup v. Town of Clanton, 14 Conn. Sup. 28, 33 (1946). Northrup involved an action for breach of contract. Plaintiff taught in the public school. The general allegation in the complaint that the teacher offered to perform her end of the contract protected the complaint from a motion to strike on the ground that the teacher failed to comply with a condition of the contract which required the teacher to have a teaching certificate at the opening of the school year. In count one of the instant complaint, plaintiff alleges that "[Defendants] authorized plaintiff. . .to present to Mech-EI Industries, Inc. a letter (the "Letter of Intent") . . .on which Cadema Corporation would purchase. . .Mech-EI Industries Inc."
In count two, plaintiff alleges that "(b]ased on defendants' request, plaintiff negotiated and concluded agreements in principle on defendants' behalf to acquire both corporations." The general allegations of performance on the part of Cambridge are sufficient to protect it from defendants' motion to strike and the fact that plaintiff did not specifically allege that Cadema signed the agreement between Mech-EI, Hybond or Semi Conductor is of no consequence. Accordingly, defendants' motion to strike counts one and two is CT Page 335 denied.
COUNTS THREE AND FOUR
Defendants argue that count three and four fail to allege damages recoverable in an action for breach of contract. "Proper contract damages defendants argue, are those which place the non-breaching party in the position he would have been in had the contract been performed." Defendants argue that plaintiff has not alleged a contract that would require defendants to pay for time, effort and money absent the culmination of those efforts in Cadema's signing a letter of intent, nor is plaintiff entitled to damages for lost opportunity for further compensation. Plaintiff argues that counts three and four allege valid claims for restitution under the theory of quantum meruit. Plaintiff concludes that it has sufficiently set forth claims for damages arising from a breach of an implied contract to pay for the reasonable value of its services. See Derr v. Moody, 5 Conn. Cir. Ct. 718, 721-22 Appellate Division (1969); see also Burns v. Koellmer, 11 Conn. App. 375,383-84 (1987).
The plaintiff has sufficiently pleaded a cause of action for quantum meruit in counts three and four in that: (1) defendants agreed to pay compensation to plaintiff, and (2) that it expended time and money to orchestrate the Hybond and Semi Conductor acquisitions for the benefit of defendant and the alleged proposed sale of Cadema Medical (in count four) and (3), that defendants' refusal to proceed has damaged plaintiff. Therefore, defendants' motion to strike is denied.
COUNT FIVE
Defendants next argue that count five fails to state a CUTPA claim in that "(1) a mere breach of contract. . .is not a cognizable unfair trade practice; (2) defendants' acts were not in the conduct of their trade or commerce; and that (3) plaintiff has alleged neither a substantial injury nor reasonably certain damages. Plaintiff argues that: (1) its allegations of inducement qualify as an unfair trade practice; (2) CUTPA has been applied to single transactions engaged in by a defendant, even though unrelated to that defendants' principal business; and finally (3) that allegations of an ascertainable loss of money or property were set forth via the first paragraph of the count which incorporated by reference all prior paragraphs of the complaint.
Conn. Gen. Stat 42-110b provides that "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." To CT Page 336 determine whether a practice violates CUTPA the courts should employ the following criteria:
 (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)].
Daddona v. Liberty Mobile Home Sales, Inc., 209 Conn. 243, 254
(1988) "[A]ll three criteria. . .`do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent, it meets all three.'" Atlantic Richfield Co v. Canaan Oil Co., 202 Conn. 234, 242 (1987). The issue of whether plaintiff has sufficiently pleaded a CUTPA violation turns on whether the plaintiff's allegations of inducement remove this case from a simple breach of contract case which could be inappropriate for CUTPA. Plaintiff alleges in count five that defendant induced plaintiff to continue its efforts under the contract when defendant had no real interest in consumating any of the transactions. As such, plaintiff's allegations could be interpreted as unfair and unethical which satisfy the first and second prong of the court's criteria for a CUTPA violation.
Defendants next argue that they were not engaged in trade or commerce as defined by the statute and that the complaint lacks any allegation that defendants were acting in their trade or business and defendants' line of business is not alleged. Defendants argue that it would defy legislative purpose to permit plaintiff to wield this consumer protection statute as a sword against a consumer. CNB v. DiCocco, 2 CTLR 177
(September 3, 1990 Murray, J.). However, plaintiff retorts with New Builders, Inc. v. Noak Village Boatyard, Inc., 4 CSCR 779
(1989) wherein the court held that the statute does not excluded a purchaser and that in the absence of contra authority, the statute which is remedial in nature must be liberally construed to effectuate its public policy goals.
Next, defendants argue that there are no facts alleged to support plaintiff's claims for damage and it amounts to no more than a legal conclusion. Count five incorporates all prior paragraphs of the complaint which sets forth plaintiff's damages and the factual basis for the claim. Consequently, the CT Page 337 requirements of the statute have been met.
KATZ, J.